UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                Plaintiff,

      v.                                     9:19-CV-0428
                                          (BKS/TWD)

DONALD G. UHLER, et al.,

                Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Jay Bradshaw commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"), and a motion for a preliminary injunction. Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application"); Dkt. No. 6 ("Preliminary Injunction Motion"). By Decision and Order filed May 9, 2019, the Court granted plaintiff's IFP Application in accordance with 28 U.S.C. § 1915(g) based on a determination that plaintiff made a preliminary showing that he is entitled to the "imminent danger" exception, and following review of the complaint pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed some of plaintiff's claims and defendants and directed service and a response for the claims that survived sua sponte review, and the Preliminary Injunction Motion. Dkt. No. 8 (the "May 2019 Order").

Presently before the Court are the following: (1) plaintiff's letter motion for appointment of counsel; and (2) plaintiff's motion for partial reconsideration of the May 2019 Order. *See* Dkt. No. 9 ("Motion for Counsel"); Dkt. No. 11 ("Motion for Reconsideration").

## II. MOTION FOR COUNSEL

Plaintiff requests appointment of counsel to represent him in this matter, including in his effort to "litigate" the Preliminary Injunction Motion. *See* Motion for Counsel. Plaintiff does not identify any efforts he has made to obtain counsel from the private and public sector.

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *See id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*,

895 F.2d 91, 95 (2d Cir. 1990). Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61. None of these factors are controlling, however, and each case should be decided on its own facts. *Id*.

This action was only recently commenced. The defendants have not yet responded to the allegations contained in plaintiff's complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's complaint wherein he states the facts surrounding his claim. At this point, without any evidence before the Court, the Court is unable to assess the threshold requirement of likely merit. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

Furthermore, even if the Court were to assume that the case may be of substance, at this stage of the proceeding, the dispute in this case appears to be limited to whether certain defendants violated plaintiff's First and Eighth Amendment rights by subjecting him to excessive force and/or a known risk of serious harm on various occasions, which is not an overly complex issue. The record currently before the Court also indicates that plaintiff has an ability to investigate pertinent facts and present his case. In addition, should one or more defendants answer the complaint, a Mandatory Pretrial Scheduling Order shall issue, which will direct the exchange of initial disclosures, and likely help plaintiff frame the issues in the case and investigate the "crucial facts" without the need for counsel.

3

Further, if this case survives a dispositive motion filed by the defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference. This Court is not aware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

For all of these reasons, the Court finds that appointment of counsel is unwarranted. After the defendants have responded to plaintiff's complaint with respect to the claims that have survived initial review and plaintiff's Preliminary Injunction Motion, plaintiff may renew his request for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit. Plaintiff, however, is advised that any renewed motion for appointment of counsel must be accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector.

### III. MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[1] Thus, a motion for reconsideration

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

4

is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

According to plaintiff, the Court erred in determining that plaintiff had acquired at least four "strikes" under 28 U.S.C. § 1915(g) before he commenced this action. *See* Dkt. No. 11-1 at 1. Plaintiff specifically contends that the Court erred in concluding that he acquired "strikes" based on the district court dismissal orders in *Bradshaw v. McQueen*, No. 08-CV-5518 (S.D.N.Y. filed June 18, 2008) ("*Bradshaw v. McQueen*"), and *Bradshaw v. The City of New York*, No. 15-CV-2166 (E.D.N.Y. filed Apr. 13, 2015) ("*Bradshaw v. The City of New York*"), because *Bradshaw v. McQueen* was dismissed for plaintiff's failure to prosecute that case, and *Bradshaw v. The City of New York* was dismissed as untimely filed. *Id*. Plaintiff's argument that he did not acquire "strikes" in these cases is wholly without merit.

### A. *Bradshaw v. McQueen*

As noted in the May 2019 Order, the Honorable Barbara S. Jones dismissed plaintiff's complaint in *Bradshaw v. McQueen* by Decision and Order dated February 11, 2010, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), for failure to state a claim upon which relief may be granted. *See id.*, Dkt. No. 32. The defendants in that case moved for judgment on the pleadings on April 7, 2009. *Id*., Dkt. No. 29. Based on plaintiff's failure to file opposition papers, Judge Jones issued an Order on October 13, 2009,

5

advising plaintiff that if he did not respond to defendants' motion by December 15, 2009, the Court would decide the motion unopposed. *Id.*, Dkt. No. 31.

The fact that plaintiff did not respond thereafter, and the Court decided the motion unopposed, does not mean that the dismissal was for failure to prosecute under Fed. R. Civ. P. 41. Rather, the dismissal order very clearly granted defendants' motion for judgment on the pleadings, and dismissed the complaint for failure to state a constitutional claim for relief. *See generally*, *Bradshaw v. McQueen*, Dkt. No. 32.

As noted in the May 2019 Order, an order granting a motion for judgment on the pleadings constitutes a "strike" under 28 U.S.C. § 1915(g). *See* May 2019 Order at 4 n.4. Accordingly, the Court did not err in determining that the district court's order of dismissal in *Bradshaw v. McQueen* constitutes a "strike."

**B.    *Bradshaw v. The City of New York***

As noted in the May 2019 Order, the Honorable William F. Kuntz, II dismissed plaintiff's complaint in *Bradshaw v. The City of New York* by Decision and Order dated August 22, 2017, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. *See id.*, Dkt. No. 58. While plaintiff is correct that Judge Kuntz determined that plaintiff's claims were untimely, "the dismissal of a prisoner's action as time-barred, if based on the allegations in the complaint, [constitutes] a dismissal for failure to state a claim on which relief may be granted within the meaning of § 1915(g)." *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure

6

to state a claim[.]"). Judge Kuntz's dismissal order very clearly indicates that plaintiff's claims were determined to be untimely based on the allegations in the complaint and publically available documents, which were judicially noticed. *See Bradshaw v. The City of New York*, Dkt. No. 58 at 2-4, 9.

Accordingly, the Court did not err in determining that the district court's order of dismissal in *Bradshaw v. The City of New York* constitutes a "strike." Thus, the Court's previous decision was legally correct and did not work a manifest injustice.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 9) is **DENIED without prejudice** to renew at some future time for the reasons stated above; and it is further

**ORDERED** that plaintiff's Motion for Reconsideration (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the plaintiff.

**IT IS SO ORDERED**.

Dated: May 28, 2019
    Syracuse, NY

Brenda K. Sannes
U.S. District Judge