UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

       Plaintiff,

    v.           9:19-CV-0428
                 (BKS/TWD)
N. LOCKE, et al.,

       Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

HON. LETITIA JAMES      ERIK BOULE PINSONNAULT, ESQ.
New York State Attorney General  Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

Plaintiff Jay Bradshaw commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP") and a motion for preliminary injunctive relief. Dkt. No. 1 ("Compl.");

Dkt. No. 6 ("IFP Application"); Dkt. No. 4 ("Preliminary Injunction Motion").[1] By Decision and Order filed on May 9, 2019, this Court granted plaintiff's IFP Application in accordance with 28 U.S.C. § 1915(g) after finding that plaintiff made a preliminary showing that he is entitled to the "imminent danger" exception, and after screening the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain claims and defendants from this action, and directed a response for the claims that survived sua sponte review and the Preliminary Injunction Motion. Dkt. No. 8 ("May 2019 Order").

Following the completion of service, counsel for the remaining defendants submitted an opposition to the Preliminary Injunction Motion. *See* Dkt. No. 20.

## II.     PRELIMINARY INJUNCTION MOTION

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35

---

[1] Plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed. Dkt. No. 4. Plaintiff then re-filed his IFP Application, and this action was re-opened. Dkt. Nos. 6, 7.

2

n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

In his motion, plaintiff seeks an order directing defendants (and others) to designate him as a "single cell status" inmate, keep him confined in a single cell while he remains at Upstate Correctional Facility, and transfer him to a facility where SHU inmates are confined to a single cell. *See* Preliminary Injunction Motion at 1. In his opposition to plaintiff's motion, counsel for defendants argues that plaintiff's motion should be denied because "(1) the

3

request is moot, (2) the instant motion is not sufficiently related to the allegations in the Complaint, (3) Plaintiff has no right to a particular type of housing and (4) Plaintiff has not established the requirements for a preliminary injunction." *See* Dkt. No. 20 at 1. The Court agrees that plaintiff's motion should be denied.

As an initial matter, defendants are correct that plaintiff has no right to a particular type of housing. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) (stating that "[t]he federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States") (citations omitted); *Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility); *see also McFadden v. Solfaro*, Nos. 95-CV-1148, 95-CV-3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998) (noting that prisoners "possess no right to be placed in a particular facility[,]" and the New York State Department of Corrections and Community Supervision has "broad leeway in deciding where to house the inmates under its protective care"). In addition, and more importantly, plaintiff notified the Court on or about May 27, 2019, that he was transferred to Mid-State Correctional Facility. *See* Dkt. No. 13. In light of plaintiff's transfer, and the absence of any credible evidence that he is likely to continue suffering the same harm that was the subject of his existing claims despite his transfer, his request for injunctive relief is moot. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *see also Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an

inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 4) is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: September 20, 2019
      Syracuse, NY

*[signature]*
Brenda K. Sannes
U.S. District Judge