UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                                          *Plaintiff*,

             -against-                                                19-CV-0428

N. LOCKE, *et al.*,                                                          BKS / TWD

                                          *Defendants*.

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

                                                    LETITIA JAMES
                                                    Attorney General of the State of New York
                                                    Attorney for Defendants
                                                    The Capitol
                                                    Albany, New York  12224

Erik Pinsonnault
Assistant Attorney General, of Counsel
Bar Roll No. 107509
Telephone:  (518) 776-2553

                                                                       Date: December 6, 2019

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS .......................................................................................................... 3

STANDARD OF REVIEW .......................................................................................................... 6

ARGUMENT .................................................................................................................................. 7

    POINT I ............................................................................................................................. 7

        PLAINTIFF FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES WITH RESPECT TO CLAIMS STEMMING FROM INCIDENT 1, INCIDENT 5, INCIDENT 6, AND INCIDENT 8 ................................................................................................................ 7

            A.    DOCCS Inmate Grievance Program ................................................. 8

            B.    Plaintiff admits that he did not exhaust administrative remedies with respect to all of his claims. ....................................... 9

            C.    Plaintiff did not exhaust administrative remedies with respect to Incident 1. ............................................................................. 10

            D.    Plaintiff did not exhaust administrative remedies with respect to Incident 5. ............................................................................. 10

            E.    Plaintiff did not exhaust administrative remedies with respect to Incident 6. ............................................................................. 11

            F.    Plaintiff did not exhaust administrative remedies with respect to Incident 8. ............................................................................. 11

    POINT II ......................................................................................................................... 12

        ANY FAILURE-TO-PROTECT CLAIMS AGAINST DEFENDANT WELCH BASED ON ALLEGED ASSAULTS BY INMATES SHOULD BE DISMISSED ................................................................................................. 12

    POINT III ........................................................................................................................ 13

        WITH RESPECT TO INCIDENT 3 (OCTOBER 9, 2018), PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ................................................................................................... 13

    POINT IV ....................................................................................................................... 14

        WITH RESPECT TO INCIDENT 5 (FEBRUARY 26, 2019), PLAINTIFF

    FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED .................................................................................................. 14

  POINT V ........................................................................................................... 16

    THE CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED AS MOOT ....................................................................................................... 16

CONCLUSION ............................................................................................................... 17

**PRELIMINARY STATEMENT**

Plaintiff, Jay Bradshaw (DIN: 08-A-3654), is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). On April 5, 2019, he commenced this action *pro se* pursuant to 42 U.S.C. § 1983.[1] Dkt. 1 ("Complaint" or "Compl."). As noted in the Court's order dated May 9, 2019 ("IFP Order"), Plaintiff is a frequent litigator who has commenced at least 12 other federal lawsuits in the Second Circuit since 2008 and acquired at least four (4) strikes pursuant to 28 U.S.C. § 1915(g).[2] Dkt. 8 (IFP Order) at 3.

As per the IFP Order, the following claims survived the Court's initial review of the *pro se* Complaint:

(1) a First Amendment retaliation claim against defendant Sgt. Fletcher;

(2) Eighth Amendment failure-to-protect claims based on allegations that various defendants failed to prevent Plaintiff from being assaulted, or at least threatened, by Plaintiff's cellmates (or "bunkies") on various dates; and

(3) Eighth Amendment excessive force and failure-to-intervene claims against defendants Welch and Gallagher, based on an alleged use of force by correction staff on March 15, 2019. *See* Dkt. 8 at 9-16.

Plaintiff's claims stem from eight (8) separate alleged incidents that occurred while Plaintiff was confined at Upstate Correctional Facility ("Upstate"),[3] as follows:

---

[1] Pursuant to the prison mailbox rule, a complaint is deemed filed on the date it was given to prison officials for mailing. *See Arzuaga v. Quiros*, 781 F.3d 29, 33 (2d Cir. 2015). Here, this is the date that Plaintiff signed his complaint, a mere five (5) days before the complaint was filed by the Court on April 10, 2019. Dkt. 1; *See DeJesus v. Bradt*, 174 F. Supp. 3d 777, 781, n. 1 (W.D.N.Y. 2016).
[2] "In no event shall a prisoner bring a civil action… under this section if the prisoner has, on 3 or more prior occasions, while incarcerated… brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim… unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).
[3] *See* Compl. ¶ 5. Upstate is a maximum security prison comprised of special housing unit ("SHU") cells in which inmates are confined for disciplinary reasons.

| "Incident 1" | - | September 28, 2018 | (Compl. at 2-3; Seguin Decl. ¶ 11); |
| "Incident 2" | - | Oct. 2 and Oct, 5, 2018 | (Compl. at 3-4; Seg. Decl. ¶ 12); |
| "Incident 3" | - | October 9, 2018 | (Compl. at 4-5; Seg. Decl. ¶ 13); |
| "Incident 4" | - | Jan. 8 - Jan. 10, 2019 | (Compl. at 5-6; Seg. Decl. ¶ 14); |
| "Incident 5" | - | February 26, 2019 | (Compl. at 6-7; Seg. Decl. ¶ 15); |
| "Incident 6" | - | March 5, 2019 | (Compl. at 8; Seg. Decl. ¶ 16); |
| "Incident 7" | - | Mar. 11 - Mar. 14, 2019 | (Compl. at 8-9; Seg. Decl. ¶ 17); and |
| "Incident 8"[4] | - | March 15, 2019 | (Compl. at 9; Seg. Decl. ¶ 18). |

Defendants Gallagher, Welch, Fletcher, Healy, Lincoln, Trombley, Jeffrey, Locke, St. Mary, and Woodruff now move for summary judgment dismissing the complaint, in part, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").

With respect to some of his claims, Plaintiff failed to fully exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). At this time, Defendants seek summary judgment dismissing claims arising from **Incident 1, Incident 5, Incident 6, and Incident 8**, based on failure to exhaust administrative remedies.

For the purposes of this motion only, defendants presume that certain claims might constitute allegations of sexual abuse or sexual harassment, which have a lesser exhaustion requirement. *See* 7 N.Y.C.R.R. §§ 701.2(j), 701.3(i). For this and other reasons, defendants *do not*, at this time, assert a failure to exhaust argument with respect to claims arising from the alleged incidents that took place on or near the following dates: **Incident 2, Incident 3, Incident 4, and Incident 7**.

Further, as set forth below, certain claims, including those arising from Incident 3 and Incident 5, are subject to dismissal pursuant to FRCP 12(b)(6) for failure to state a claim.

As this motion is filed in lieu of an answer, Defendants requests that the Court exercise its broad discretion to order a stay of their time to answer the Complaint until 14 days after a final

---

[4] Plaintiff proffers allegations describing both Incident 7 and Incident 8 under a subheading titled "Complaint # 7." Compl. at 8-10.

2

determination is issued with respect to this motion. *See Sanchezmartino v. Demmon*, No. 16-CV-0139 GTS/DEP, 2017 WL 1098168, at *2, n 2 (N.D.N.Y. Feb. 23, 2017).[5]

Further, in the event that the Court does not dismiss claims arising from Incident 1, Incident 5, Incident 6, and Incident 8, Defendants request an evidentiary hearing pursuant to *Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011), on the issue of exhaustion with respect to these claims.

## STATEMENT OF FACTS

To the extent that this statement of facts relies upon Plaintiff's factual allegations, those alleged facts, for the purposes of this motion only, are accepted as true.

### INCIDENT 1

On **September 28, 2018**, defendants P. Woodruff, Correction Officer ("CO") N. Locke, and CO John Doe #1 failed to protect Plaintiff from being attacked, or "beat up," by "Inmate J," who was double-bunked with Plaintiff. Compl. ¶¶ 12-21.

### INCIDENT 2

On **October 2, 2018**, Inmate Burton was placed in a cell with Plaintiff. Compl. ¶ 23. Defendants DSS Woodruff, Correction Sgt. Fletcher, and Doe #'s 2, 3, 4 and 5 failed to protect Plaintiff from an assault by Inmate Burton on or about **October 5, 2018**. *See* Compl. ¶¶ 24-34.[6]

### INCIDENT 3

On **October 9, 2018**, Sgt. Fletcher threatened to have Plaintiff assaulted by security staff or by a new cellmate named "Inmate J." Compl. ¶¶ 37, 39. When Plaintiff relayed his concern to a (non-defendant) correction lieutenant, the lieutenant assured his safety and relocated Plaintiff to

---

[5] All unpublished and electronic-only decisions will be provided to Plaintiff as an appendix to this motion.
[6] At this time, defendants are not moving for summary judgment with respect to the claims related to Incident 2.

3

a different cell. *Id.* ¶¶ 39-40. Plaintiff alleges that he was put in extreme fear for his safety. Compl. ¶ 41.[7]

### INCIDENT 4

On **January 8, 2019**, **January 9, 2019**, and/or **January 10, 2019**, DSS Woodruff, Sgt. Fletcher, defendant Trombley, defendant Healy, defendant Jeffries, defendant Doe #6, and nonparty Lieutenant Eddy failed to protect Plaintiff from being assaulted and/or sexually abused by "Inmate W." *See* Compl. ¶¶ 44-60.[8]

### INCIDENT 5

On or about **February 21, 2019**, in response to DSS Woodruff stating that Plaintiff had filed grievances, Sgt. Fletcher asked Plaintiff whether he wanted to move to a double-bunk cell because Plaintiff keeps filing grievances. Compl. ¶¶ 61-62. On **February 25, 2019**, Plaintiff learned that Sgt. Fletcher and DSS Woodruff approved Plaintiff's move to a double-bunk cell. Compl. ¶ 63. On **February 26, 2019**, Sgt. Fletcher moved Plaintiff into a double-bunk cell with "Inmate P." Plaintiff feared that Inmate P might beat him up and Plaintiff requested protective custody, but Sgt. Fletcher denied the request. *Id.* ¶ 67. Although Plaintiff was not attacked by Inmate P and he suffered no physical injuries, he was "placed in extreme fear for his safety." Compl. ¶¶ 74-75.

### INCIDENT 6

On **March 5, 2019**, Plaintiff left his cell for a "legal call" and returned to find that his former cellmate, Inmate P, had been replaced with "Inmate E, at the direction of Defendant

---

[7] At this time, defendants are not moving for summary judgment with respect to the claim related to Incident 3 (Oct. 9, 2018) on exhaustion grounds; however, defendants are moving to dismiss this claim on the merits pursuant to FRCP 12(b)(6), as set forth in Point III below.

[8] At this time, defendants are not moving to dismiss the claims related to Incident 4.

4

Sergeant [Doe] # 3." Compl. ¶¶ 76. Inmate E asked Plaintiff about his criminal charges and inmates in adjoining cells urged Inmate E to attack Plaintiff, calling him a "snitch" and a "rapo." Compl. ¶¶ 78-80. Inmate E attacked Plaintiff so that Inmate E "would not remain in the cell with [him]," causing Plaintiff to suffer a bruise on the left side of his chest and chest pains. *Id.* ¶¶. 80-81. As alleged, DSS Woodruff and Sgt. Doe #3 approved Inmate E's placement in Plaintiff's cell although "they knew" that Inmate E was a member of the "Patrias" gang, Plaintiff had been "labeled a snitch by the Patrias, and that Plaintiff had requested protective custody." Compl. ¶ 82.

### INCIDENT 7

On or about **March 11, 2019**, **March 13, 2019, and/or March 14, 2019**, Plaintiff was assaulted and/or sexually assaulted by Inmate Cobb. Compl. ¶¶ 85, 88-89. Plaintiff claims that Sgt. Fletcher and DSS Woodruff failed to protect Plaintiff from being assaulted by Inmate Cobb. Compl. ¶¶ 96-97.[9]

### INCIDENT 8

On **March 15, 2019,** Plaintiff was the subject of a disciplinary hearing. Compl. ¶ 91. During the hearing, Plaintiff informed the hearing officer, as well as defendants Welch and Gallagher, that he had been sexually abused by an inmate in his cell. *Id.* ¶ 92. Plaintiff alleges that, as a result of reporting sex abuse by an inmate, defendants Welch and Gallagher brought Plaintiff to the floor, dragged him back to his cell, and banged his head on a gate in the process. Compl. ¶ 93. As noted, Plaintiff commenced this action on April 5, 2019, approximately 20 days after this alleged incident.

---

[9] Plaintiff provides allegations describing both Incident 7 and Incident 8 under a sub-heading titled "Complaint # 7." Compl. ¶¶ 85-99 (pgs. 8-10). At this time, defendants are not moving for summary judgment with respect to the claims related to Incident 7.

## STANDARD OF REVIEW

Pursuant to FRCP 56, summary judgment is appropriate if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*.

The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If this initial burden is met, the opposing party must show that there is a material dispute of fact for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

Although the evidence and reasonable inferences should be construed in favor of the non-movant, the non-movant must nonetheless "do more than simply show that there is some metaphysical doubt as to the material facts." *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). To defeat a motion for summary judgment, the non-movant must point to specific evidence showing a genuine issue for trial. *See Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006). "Conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted); *Yennard v. Boces*, 353 F. Supp. 3d 194 (N.D.N.Y. 2019).

Even when a party is *pro se*, their bald assertion, unsupported by evidence, is not sufficient to overcome a motion for summary judgment. *Cucuta v. New York City*, 25 F. Supp. 3d 400, 409

6

(S.D.N.Y. 2014); *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 364 (S.D.N.Y. 2011); *see Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

To the extent that a defendant's motion for summary judgment is based entirely on a complaint, such a motion is functionally the same as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Bradley v. Rell*, 703 F. Supp. 2d 109, 114 (N.D.N.Y. 2010). Thus, "[w]here appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment." *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968); *see Risco v. McHugh*, 868 F. Supp. 2d 75, 106, n 45 (S.D.N.Y. 2012); *Bradley*, 703 F. Supp. 2d at 114. Although the court should accept factual allegations as true and draw reasonable inferences in the plaintiff's favor (*see Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a motion to dismiss because such statements are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555); *see Thomas v. City of Troy*, 293 F. Supp. 3d 282, 293 (N.D.N.Y. 2018), appeal dismissed (May 2, 2018).

## ARGUMENT

### POINT I

**PLAINTIFF FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES WITH RESPECT TO CLAIMS STEMMING FROM INCIDENT 1, INCIDENT 5, INCIDENT 6, AND INCIDENT 8**

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a [DOCCS inmate] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is mandatory – unexhausted claims may not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (citations omitted). "[T]he

7

PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

If an inmate-plaintiff fails to fully comply with the administrative process prior to commencing an action in federal court, the action is subject to dismissal. *See Ruggiero v. Cty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) ("[U]ntimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy the PLRA's exhaustion requirement.").

### A. DOCCS Inmate Grievance Program

DOCCS has a well-established inmate grievance program. *See* N.Y. Comp. Codes R. & Regs. (N.Y.C.R.R.) tit. 7, § 701.5 (2018). DOCCS' IGP affords every inmate "an orderly, fair, simple and expeditious method for resolving grievances" (7 N.Y.C.R.R. § 701.1) regarding any concern about the substance or application of a written or unwritten policy, regulation, procedure or rule of the prison system, as well as complaints of employee misconduct "meant to annoy, intimidate or harm an inmate." 7 N.Y.C.R.R. § 701.2(a)-(e). The IGP has long been recognized as an available remedy for purposes of the PLRA. *See e.g. Abney v. McGinnis*, 380 F.3d 663, 668 (2d Cir. 2004); *Smith v. Kelly*, 985 F. Supp. 2d 275, 279 (N.D.N.Y. 2013).

As a general matter, the IGP consists of a three-step grievance and appeal procedure. *See* 7 N.Y.C.R.R. § 701.5 *et seq*. First, an inmate must file a written grievance with the IGP clerk at their correctional facility within twenty-one (21) calendar days of the alleged occurrence. 7 N.Y.C.R.R. § 701.5(a). The IGP clerk then forwards the grievance to the Inmate Grievance Resolution Committee ("IGRC"), which has "up to sixteen (16) calendar days after a grievance is filed to resolve it informally." *Id.* § 701.5(b)(1). If there is no informal resolution, the IGRC conducts a hearing "within sixteen (16) calendar days after receipt of the grievance" and thereafter issues a written recommendation within two (2) working days. *Id.* § 701.5(b)(2)(ii), (b)(3)(i). Second, if an inmate is dissatisfied with the IGRC's decision, they may appeal to the facility

superintendent.  7 N.Y.C.R.R. § 701.5(c).  At the third and final step of the IGP, an inmate must appeal an adverse superintendent's decision to the Central Office Review Committee ("CORC") within seven (7) calendar days after receipt of the decision.  *Id.* § 701.5(d)(l)(i).

There are special procedures used when a grievance contains allegations of "harassment" – i.e., misconduct by an employee meant to annoy, intimidate, or harm an inmate.  *See* 7 N.Y.C.R.R. §§ 701.2, 701.8.  Such a grievance is sent directly to the superintendent for investigation and determination.  *Id.* §§ 701.8(b)-(f).  Here, as with non-harassment grievances, an inmate must appeal an adverse superintendent's decision to CORC within seven (7) calendar days after receipt of the decision.  *Id.* § 701.5(d)(l)(i).

Generally, an inmate confined in a DOCCS facility must properly exhaust all three levels of review afforded by the IGP before he or she seek relief pursuant to Section 1983 in federal court.  *See Torres v. Carry*, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009); *Murray v. Goord*, 668 F. Supp. 2d 344, 356 (N.D.N.Y. 2009).

However, there is a different exhaustion requirement when an inmate alleges an incident of "sexual abuse" or "sexual harassment," as those terms are defined in DOCCS Directive # 4027A and Directive # 4027B.  *See* 7 NYCRR § 701.3(i), citing, inter alia, Prison Rape Elimination Act (PREA) Standards (28 C.F.R. § 115.06); *King v. Puershner*, No. 17-CV-1373, 2019 WL 4519692, at *8 (S.D.N.Y. Sept. 19, 2019).

### B.     Plaintiff admits that he did not exhaust administrative remedies with respect to all of his claims.

In his complaint, Plaintiff states that he "has not exhausted his administrative remedies with respect to all claims and all defendants because Plaintiff is in imminent danger." Compl. ¶ 105.  However, "imminent danger" is not an exception to the PLRA's exhaustion requirement and it does not excuse Plaintiff's failure to exhaust.  *See Abreu v. Miller*, No. 15-CV-1306 TJM/DJS,

9

2019 WL 761639, at *2 (N.D.N.Y. Feb. 21, 2019) ("The § 1915(g) imminent danger exception allows incarcerated litigants to escape the three strike rule where they are facing imminent danger of serious physical injury, see 28 U.S.C. § 1915(g), but it does not allow a litigant to escape the PLRA's exhaustion requirements"); *see also Riles v. Buchanan*, 656 F. App'x 577, 581 (2d Cir. 2016) ("to the extent [plaintiff] relies on our decision in *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), to argue that special circumstances excuse his failure to exhaust available remedies, that avenue has been foreclosed"), citing *Williams*, 829 F.3d at 122.

### C. Plaintiff did not exhaust administrative remedies with respect to Incident 1.

"[A]n inmate who does not file a grievance with IGRC has failed to exhaust his administrative remedies." *Mckinney v. Prack*, 170 F. Supp. 3d 510, 515 (W.D.N.Y. 2016). Here, Plaintiff did not file a grievance regarding **Incident 1** – i.e., allegations that DSS Woodruff, CO N. Locke, and CO John Doe #1 failed to protect Plaintiff from being "beat up" by Inmate J. *See* Compl. ¶¶ 12-21; Declaration of S. Debyah ("Debyah Decl.") ¶¶ 14, 26, 34. Accordingly, he failed to exhaust his administrative remedies with respect to **Incident 1**, and the claim stemming from this date should be dismissed.[10]

### D. Plaintiff did not exhaust administrative remedies with respect to Incident 5.

Similarly, Plaintiff did not file a grievance with respect to allegations in **Incident 5** - i.e., an Eighth Amendment claim against Sgt. Fletcher and DSS Woodruff based on allegations that Plaintiff was confined in a cell with Inmate P on or around February 26, 2019. *See* Compl. ¶¶ 65-68, 74-75; Debyah Decl. ¶¶ 30, 35. Even if Grievance No. UST-65002-19, which refers to alleged occurrences on February 21 and 25, 2019, were construed to contain an allegation sufficiently related to Incident 5, Plaintiff did not appeal the Superintendent's decision to CORC. *Id.* ¶ 31;

---

[10] This is the only claim against defendants Locke and John Doe # 1.

Seguin Decl., Exh. A at 1.  Accordingly, this claim should be dismissed because Plaintiff failed to exhaust his administrative remedies.  *See generally Mckinney*, 170 F. Supp. 3d at 515.

### E. Plaintiff did not exhaust administrative remedies with respect to Incident 6.

Similarly, Plaintiff did not file a grievance with respect to allegations in **Incident 6 -** i.e., an Eighth Amendment claim against DSS Woodruff and Sergeant Doe #3 based on allegations that Plaintiff was confined in a cell with Inmate E on March 5, 2019.  *See* Compl. ¶¶ 76-84; Debyah Decl. ¶ 36.  Accordingly, this claim should be dismissed because Plaintiff failed to exhaust his administrative remedies.  *See generally Mckinney*, 170 F. Supp. 3d at 515.

### F. Plaintiff did not exhaust administrative remedies with respect to Incident 8.

Plaintiff filed a grievance related to **Incident 8**—the allegations regarding use of force by CO Welch and CO Gallagher on March 15, 2019—and received a Superintendent's decision denying the grievance allegations of harassment, retaliation, and threats.  Debyah Decl. ¶ 32, Exh. B; *see* Compl. ¶¶ 91-94.  However, Plaintiff did not appeal the Superintendent's decision to CORC.  Debyah Decl. ¶ 33, Exh. B; Seguin Decl. ¶¶ 23-25, 28, Exh. A at 1.

With respect to Plaintiff's claims premised upon occurrences on March 15, 2019 (i.e., **Incident 8**) it would have been implausible, if not impossible, for Plaintiff to fully exhaust his administrative remedies under DOCCS's IGP between the dates of those alleged incidents and April 5, 2019, when Plaintiff signed and mailed his complaint. S*ee* Compl. at 6-9, 13; IFP Order at 13-16.  *See Johnson v. Fraizer*, 2016 WL 7012961, at *4 (W.D.N.Y. Dec. 1, 2016) ("since Plaintiff filed this action a **mere [3] weeks after the events at issue**, it is probable that he simply skipped the grievance/appeal stage and came directly to Federal Court… [the] original Complaint in this action tends to support such a view") (emphasis added); *cf. Abreu v. Donahue*, No. 17-CV-1312 DNH/DEP, 2018 WL 7202489, at *6 (N.D.N.Y. Oct. 4, 2018) ("Experience with inmate

litigation suggests that it is not likely that plaintiff completed the grievance procedure in as few as [18] days and as much as [27] days"), *rep. rec. adopted* 2019 WL 452491 (N.D.N.Y. Feb. 5, 2019).

Because Plaintiff failed to appeal to CORC, he failed to exhaust his administrative remedies with respect to the Eight Amendment excessive force and failure-to-protect claims against defendants Welch and Gallagher. Accordingly, those claims should be dismissed. *See James v. Doty*, No. 17-CV-1145 MAD/CFH, 2019 WL 457694, at \*2 (N.D.N.Y. Feb. 6, 2019) (action dismissed on pre-answer summary judgment motion where, inter alia, "there is no record that Plaintiff ever exhausted the appeals process, which is required by the PLRA before an inmate brings suit"); *Sanchezmartino v. Demmon*, 2017 WL 1098168, at \*6 (granting a pre-answer summary judgment motion and holding that proof that plaintiff did not file a CORC appeal was sufficient to warrant dismissal, despite the fact that plaintiff alleged that he filed a grievance); *Collins v. Goord*, 438 F.Supp.2d 399, 408 (S.D.N.Y. 2006) ("In order to exhaust remedies, an inmate in a New York State correctional facility must pursue fully his complaint through DOC's three-step ... IGP.").

**POINT II**

**ANY FAILURE-TO-PROTECT CLAIMS AGAINST DEFENDANT WELCH BASED ON ALLEGED ASSAULTS BY INMATES SHOULD BE DISMISSED**

A decretal on page 33 of the IFP Order reflects that there is a surviving failure-to-protect claim against defendant Welch (along with eight other defendants), which appears to be based on Plaintiff's allegations that correction staff did not protect him from assault by inmates who were confined (or "bunked") in the same cell with him. *See* IFP Order at 23-24, 33. However, the Court specifically held that (a) the excessive force/failure-to-intervene claim against defendants Welch and Gallagher based on the March 15, 2019 incident **survives**, but (b) the failure-to-protect claim against Welch (and Gallagher) is dismissed for failure to state a claim because "the complaint lacks

12

any allegations which plausibly suggest that, at the time Plaintiff spoke with defendants Gallagher and Welch, he remained at a substantial risk of serious harm. In addition, there are no allegations in the complaint that plaintiff was returned to a double-bunk cell with Inmate Cobb after his exchange with defendants Gallagher and Welch." IFP Order at 23-24. Accordingly, the failure-to-protect claim against Welch (as well as Gallagher) related to the alleged assault by Inmate Cobb was properly dismissed pursuant to the IFP order and, if the Court does not dismiss the claim against Welch based on Plaintiff's failure to exhaust, defendants respectfully request an order clarifying that the only surviving claim against Welch is based on alleged use of force by staff on March 15, 2019, not the alleged sexual assault perpetrated by Inmate Cobb.

## POINT III

**WITH RESPECT TO INCIDENT 3 (OCTOBER 9, 2018), PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

It is well settled law in this Circuit that "42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse." *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003); *see Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986); *Merrill v. Schell*, 279 F. Supp. 3d 438, 443 (W.D.N.Y. 2017). "Verbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 204 (N.D.N.Y. 2015) (internal citation and quotation marks omitted). Similarly, threats "do not amount to violations of constitutional rights." *Malsh v. Austin*, 901 F. Supp. 757, 763 (S.D.N.Y. 1995); *cf. Cusamano v. Sobek*, 604 F. Supp. 2d 416, 491-493 (N.D.N.Y. 2009).

Here, with respect to **Incident 3**, Plaintiff alleges that, on **October 9, 2018**, Sgt. Fletcher *threatened* to have Plaintiff assaulted. Compl. ¶¶ 37, 39. When Plaintiff relayed his concern to a

(non-defendant) correction lieutenant, the lieutenant assured his safety and relocated Plaintiff to a different cell. *Id.* ¶¶ 39-40. Plaintiff alleges that he was put in extreme fear for his safety, but does not allege that he was assaulted or that he suffered any physical injury. Compl. ¶¶ 37-41, 43. Accordingly, Plaintiff fails to state an Eighth Amendment claim against Sgt. Fletcher with respect to **Incident 3**. *See Burroughs v. Petrone*, 138 F. Supp. 3d at 204 (**"**Throughout [his] complaint, [plaintiff] alleges that several defendants harassed and threatened him. But without more, plaintiff's allegations harassment fail to state an actionable claim under the Eighth Amendment"); *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 365 (N.D.N.Y. 2010) (dismissing excessive force claim where defendant made verbal threat along with a racial slur and subsequently "slammed Plaintiff's head into the wall" because "[a]bsent physical injury, verbal threats and abuse are insufficient to support a constitutional violation"); *cf. Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 271 (S.D.N.Y. 2011) ("plaintiffs have not alleged any comments or other circumstances to suggest that the officers displayed their weapons in a uniquely threatening manner so as to constitute excessive force").

## POINT IV

### WITH RESPECT TO INCIDENT 5 (FEBRUARY 26, 2019), PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

With respect to **Incident 5**, Plaintiff alleges that Sgt. Fletcher and DSS Woodruff were involved in a decision to double-bunk Plaintiff in a cell with Inmate P on February 26, 2019 and, as a result of sharing a cell with Inmate P, Plaintiff was "placed in extreme fear for his safety." Compl. ¶¶ 65-68, 74-75. Even if Plaintiff's placement in a cell with Inmate P was somehow improper, Inmate P did not attack plaintiff and Plaintiff suffered no physical injuries, or any other compensable injuries, as a result of his confinement in a double-bunked cell with Inmate P. *See* Compl. ¶¶ 63-75. Accordingly, Plaintiff fails to state an Eighth Amendment failure-to-protect

claim against defendants Fletcher and Woodruff based on Incident 5.  *See Clark v. Gardner*, 256 F. Supp. 3d 154, 167 (N.D.N.Y. 2017) ("[t]o succeed on a claim of failure to protect, the inmate must establish both that a substantial risk to his safety actually existed and that the offending defendant knew of and consciously disregarded that risk."); *Murray*, 668 F. Supp. 2d at 358.

To the extent that Plaintiff asserts a First Amendment retaliation claim against Sgt. Fletcher based on Plaintiff's confinement in a double-bunked cell with Inmate P (*see* Compl. ¶¶61-63), this does not rise to the level of an adverse action.  For the second prong of a retaliation claim, adverse action, Plaintiff must show that the defendant's retaliatory conduct "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights.... Otherwise, the retaliatory act is simply de minimis, and therefore outside the ambit of constitutional protection."  *Dawes v. Walker*, 239 F.3d 489, 492–93 (2d Cir. 2001), overruled on other grounds, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *see Vincent v. Sitnewski*, 117 F. Supp. 3d 329, 335 (S.D.N.Y. 2015).  In making this determination, the inquiry should be "tailored to the different circumstances in which retaliation claims arise, bearing in mind that prisoners may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse."  *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal cites and quotes omitted).

Here, double-bunking Plaintiff with another inmate—in and of itself—would not deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights. Significantly, Plaintiff merely alleges that Sgt. Fletcher knew that Inmate P weighed more than plaintiff.  Plaintiff has not alleged facts showing that Sgt. Fletcher knew that Inmate P had a history of violence, posed any particular threat to Plaintiff, or that there was a compelling reason that Plaintiff should not have a cellmate at that time.  As a general matter, DOCCS may determine

whether inmates may be assigned to double occupancy housing units.  *See* 9 NYCRR §§ 7621.6(f),7621.7(f).

## POINT V

## THE CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED AS MOOT

In addition to monetary relief, Plaintiff seeks permanent injunctive relief directing defendant Woodruff, the Deputy Superintendent of Security (DSS at Upstate) and other DOCCS officials to "permanently designate Plaintiff to be kept in a single cell *while confined at Upstate*" and to transfer Plaintiff to a facility where SHU inmates are confined to a single cell.  Compl. at 12 (emphasis added).  However, all Defendants work at Upstate (Compl. ¶¶ 6-9) and Plaintiff has subsequently been transferred from Upstate to Mid-State Correctional Facility and then to Southport Correctional Facility.  *See* Dkt. Nos. 18, 28; *http://nysdoccslookup.doccs.ny.gov* (DIN 08-A-3654) (visited September 11, 2019 and December 3, 2019).

In this Circuit, an inmate's transfer from a prison facility moots claims for declaratory and injunctive relief against officials of the transferring facility.  *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (holding moot all injunctive and declaratory claims against facility defendants because plaintiff was "presently incarcerated" at a different facility than the one in which the actions complained of occurred); *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011); *Burton v. Lynch*, 664 F. Supp. 2d 349, 358 (S.D.N.Y. 2009) (Plaintiff's request for an injunction binding on Fishkill Correctional Facility held to be moot where he was incarcerated at Fishkill at the time of the events alleged in the Complaint, transferred to Southport Correctional Facility shortly thereafter, and resided at Great Meadow at the time of filing the Complaint).  Accordingly, because Plaintiff has been transferred from Upstate, his claim for injunctive relief should dismissed as moot.

Further, Plaintiff's claim for injunctive relief should be dismissed because an inmate does not have the right to be confined to the prison of his own choosing or to a particular type of housing. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Montayne v. Haymes,* 427 U.S. 236, 243 (1976); *White v. Clark*, No. 12-CV-0986 NAM/RFT, 2012 WL 5877160, at *14 (N.D.N.Y. Nov. 20, 2012); *Klos v. Haskell,* 835 F. Supp. 710, 723 (W.D.N.Y. 1993), *aff'd* 48 F.3d 81 (2d Cir. 1995) (citing cases).

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment should be granted and the Complaint should be dismissed, in part, along with any other relief that the Court deems just and proper.

Dated: Albany, New York
December 6, 2019

                                           LETITIA JAMES
                                           Attorney General of the State of New York
                                           Attorney for Defendants
                                           The Capitol
                                           Albany, New York  12224

                                         By: **s/ Erik Pinsonnault**
                                         Erik Pinsonnault
                                         Assistant Attorney General
                                         Bar Roll No. 107509
                                         Telephone:  (518) 776-2553
                                         Email: erik.pinsonnault@ag.ny.gov

TO:    Jay Bradshaw, **DIN 08A3654**
           Southport Correctional Facility
           P.O. Box 2000
           Pine City, NY 14871