UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

                                        Plaintiff,                    9:19-cv-00428 (BKS/TWD)

v.

N. LOCKE, et al.,

                                        Defendants.
_____

**Appearances:**

*Plaintiff, pro se:*
08-A-3654
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

*For Defendants:*
Letitia James
Attorney General for the State of New York
Erik Boule Pinsonnault
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff Jay Bradshaw, a New York State inmate proceeding pro se, commenced this civil rights action under 42 U.S.C. § 1983 asserting claims arising out of his incarceration at the Upstate Correctional Facility. (Dkt. No. 1). On December 6, 2019, Defendants filed a partial motion for summary judgment under Fed. R. Civ. P. 56, asserting, inter alia, (1) that claims as to certain incidents alleged should be dismissed for failure to exhaust administrative remedies, and (2) that claims as to certain incidents alleged should be dismiss under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief may be granted. (Dkt. No. 29). After this motion was fully briefed, (Dkt. Nos. 32, 33, 34, 36), Defendants filed a motion to revoke Plaintiff's in forma pauperis ("IFP") status and dismiss his complaint, conditionally. (Dkt. No. 38). Plaintiff has responded to that motion. (Dkt. Nos. 40, 41, 42).

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on August 5, 2020, issued a Report-Recommendation recommending that Defendants' motion be granted in part. (Dkt. No. 44). Specifically, Magistrate Judge Dancks recommended: (a) dismissing Plaintiff's claims related to incidents 1, 5, 6, and 8[1] because Plaintiff failed to exhaust administrative remedies; (b) dismissing Plaintiff's failure to protect claim related to incident 3 for failure to state a claim upon which relief may be granted; and (c) dismissing Plaintiff's claim for injunctive relief as moot. (Dkt. No. 44).[2] Magistrate Judge Dancks recommended denying Defendants' motion to revoke Plaintiff's IFP status and, if this Court did not dismiss Plaintiff's claim related to incident 5 for failure to exhaust administrative remedies, denying Defendants' motion to dismiss Plaintiff's failure to protect and First Amendment retaliation claims relating to incident 5 for failure to state a claim. (Id., at 22-28). Magistrate Judge Dancks advised the parties that, under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 44, at 30). No objections have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See*

---

[1] The Court adopts the incident numbers described in the Report-Recommendation.

[2] In response to Defendants' request for clarification as to what claims against Defendant Welch survived initial review, Magistrate Judge Dancks noted that this Court dismissed the failure to protect claim against Welch relating to incident 8. (Dkt. No. 44, at 19-20). The Court agrees. The failure to protect claim against Welch related to incident 8 was dismissed in the May 9, 2019 Order. (Dkt. No. 8, at 23-24). The reference in that Order to a remaining failure to protect claim against Welch, (Dkt. No. 8, at 33), is a typographical error.

2

*Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 44) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Defendants' motion for summary judgment (Dkt. No. 29) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's claims relating to incidents 1, 5, 6 and 8 are dismissed for failure to exhaust administrative remedies; and it is further

**ORDERED** that Plaintiff's failure to protect claim against Defendant Fletcher relating to incident 3 is dismissed for failure to state a claim; and it is further

**ORDERED** that Plaintiff's claim for injunctive relief is dismissed as moot; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 29) is otherwise **DENIED**; and it is further

**ORDERED** that Defendants' motion to dismiss the complaint, conditionally, and revoke Plaintiff's in forma pauperis status (Dkt. No. 38) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 4, 2020
Syracuse, New York

Brenda K. Sannes
U.S. District Judge