

Mr. Jay Bradshaw
DIN: 08-A-3654
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

September 10, 2020

Clerk, U.S. District Court
P.O. Box 7367
100 S. Clinton Street
Syracuse, New York 13261
Attention: Brenda K. Sannes, U.S.D.J.

Re: Bradshaw v. Nate Locke, et al.
19-CV-0428 (BKS/TWD)

Dear Judge Sannes:

    I am the plaintiff and am proceeding pro se in the above-referenced matter. I write respectfully request the Court accept this letter as my request for reconsideration of the Court's Decision dated September 14, 2020.

    In the Decision, the Court indicated that "no objections to the Report-Recommendation have been filed." I wish to inform the Court that I gave to prison officials to deposit in U.S. Mailbox for mailing my Letter-Motion dated August 10, 2020 of Objections to the Report-Recommendation filed on 8/10/20. and a copy of such was submitted to defendant's attorney (see, Letter-Motion dated

1 o 2

Letter to Judge Sannes       – 2 of 2 –        dated September 10, 2020

August 10, 2020 by Jay Bradshaw, attached hereto). I am uncertain the reason the Letter had not been filed with the court.

I have ~~had~~ ongoing issues with officers who deny me mails, interfere with my access to law library, interfered with my ~~on~~ outgoing mails. I have filed several grievances against officers regarding this incident.

Nevertheless, I request the Court to accept my Letter-Motion dated ~~Septem~~ August 10, 2020 of objection to the Report-Recommendation, and to reconsidered its Decision dated September 4, 2020 with consideration for my Letter of objection.

                                              Respectfully Submitted,

w/attachment of Letter dated 8/10/20 with proof of Service    

cc: Erik Pinsonnault                              Mr. Jay Bradshaw
    Assistant Attorney General                Plaintiff – Pro
    The Capitol
    Albany, New York 12224

Mr. Jay Bradshaw
DIN: 08-A-3654
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

August 10, 2020

Clerk, U.S. District Court
P.O. Box 7367
100 S. Clinton Street
Syracuse, New York 13261
Attention: Brenda K. Sannes, U.S.D.J.

Re: Bradshaw v. Nate Locke, et al.
19-CV-0428 (BKS/TWD)

Dear Judge Sannes:

I am the plaintiff and am proceeding pro se in the above-referenced matter. I respectfully request that the Court accept this letter as my objections to the propose Order and Report-Recommendation dated August 5, 2020 by Theresa Wiley Dancks, U.S.M.J. My objections are as follows:

## Incident 1

Judge Dancks simply found that plaintiff did re-submitted his grievance related to Incident 1 after it was original rejected by grievance supervisor, but he still failed to complete the grievance process by appealing the non-responses to the next level.

Initially, plaintiff was in Special Housing Unit (SHU) when he gave an officer his grievance related to Incident 1 to be re-submitted to the grievance supervisor and the officer failed to submit it, or the grievance supervisors failed to file it.

Plaintiff could not appeal an unfiled grievance, and the grievance regulations do not provide any guidance on how for plaintiff on how to appeal grievances that were not properly filed by prison staff or how to appeal a grievance to which plaintiff never received a response.

The grievance process or regulation to appeal an unfiled grievance is unclear so

1

that plaintiff could not make use of it and; thus, there were no remedies available to plaintiff.

Accordingly, the Court should reject Judge Dancks' recommendation with respect to Incident 1 and deny Defendants motion in its entirety. In the alternative plaintiff request the Court to hold a hearing to determine whether the administrative remedy was available but was not actually capable of use to obtain relief where the grievance procedure is so unclear that it could not be used or prison administration prevented plaintiff from taking advantage of the grievance process through manipulation and misrepresentation by not filing the grievance when it was received.

## Incident 3

Judge Dancks stated plaintiff's "allegations in the complaint are insufficient to allege a failure to protect claim. Though Plaintiff alleges Fletcher was aware placing Plaintiff into a double-bunk cell would pose a substantial threat — Plaintiff does not allege Fletcher actually placed Plaintiff into a double-bunk cell. In other words, Fletcher's mere threats to place Plaintiff into a double bunk-cell does not establish that he was incarcerated under 'conditions posing a substantial risk of serious harm.'" (At page 21).

To the contrary, defendant Fletcher originally had assigned to place plaintiff into double-bunk cell with individual who previously attacked him (ECF. No 1, Complaint at ¶ 37). Although plaintiff was re-located, plaintiff was escorted to the cell in the presence of Fletcher, and this is the same cell plaintiff had been physically and sexually assaulted by a prisoner whom Fletcher placed in the cell to attack plaintiff (Id. 39-40 and 44-50). Thus, Fletcher did place plaintiff "under" conditions posing a substantial risk of serious harm."

Accordingly, the Court should reject Judge Dancks' recommendation with respect to Incident 3 and deny Defendants' motion in its entirety.

## Incident 5

Judge Dancks simply found that Plaintiff did not exhaust his administrative remedies with respect to Incident 5 because he did not appeal to next level when he received no response.

It is worth mentioning that plaintiff incorrectly alleged in his opposing papers that his grievance related to Incident 5 had not been filed. The grievance was in fact filed.

However, plaintiff did not receive a response when he initially submitted the grievance on March 1, 2019. After sending a copy to Prisoners' Legal Services who, in turn, sent letter dated April 22, 2019 along with grievance to the Deputy Superintendent at Upstate, grievance supervisors filed plaintiff's grievance related to Inciden 5 on April 26, 2019 (more than a month later) and assigned it grievance number UST-65002-19. (see Plaintiff's Affidavit In Opposition To Summary Judgment, Exhibit E, and at page 6). Plaintiff received the Superintendent's decision dated June 4, 2020, at Mid-State Correctional Facility where he had been transferred, and appeal said decision to the CORC on June 13, 2019 by submitting it to the grievance supervisors at Upstate. (see Grievance dated March 1, 2019 and Superintendent's Decision/Appeal to CORC dated June 13, 2019, annexed hereto as Exhibit A and B).

Because grievance supervisors did not file plaintiff's appeal with the CORC to trigger their decision, plaintiff's right to file an appeal with CORC was not available, and, thus, there were no administrative remedies available to plaintiff. The grievance procedures do not provide any guidance for plaintiff on how to appeal to CORC when grievance supervisors do not file the appeal or how to obtain a decision from CORC when plaintiff never received a decision within the statutory period of thirty (30) days.

Accordingly, the Court should reject Judge Danck's recommendation with respect to Incident 5 and deny Defendants' motion in its entirety. In the alternative plaintiff request a hearing to determine whether grievance supervisors prevented plaintiff from taking advantage of the grievance process through manipulation and misrepresentation by not filing plaintiff's appeal to the CORC, or whether the administrative remedy was available but was not actually capable of use to obtain relief where the grievance procedures is so unclear that it could not be used.

## Incident 6

Judge Dancks simply found that Plaintiff did not exhaust his administrative remedies with relation to Incident 6, because he failed to appeal to the next level when he did get responses.

Initially, plaintiff was in SHU when he gave an officer his grievance related to Incident 6 to submit to the grievance office and the officer failed to, or grievance supervisors failed to file it. Plaintiff had to make complaint with the Prisoners' Legal Services regarding officers interferring with his mails and his grievances not being filed. (Dkt No. 29, at page 6, Exhibit "E").

Plaintiff could not appeal an unfiled grievance, and the grievance procedures do not provide any guidance for plaintiff on how to appeal grievances that were never properly filed by prison staff or how to appeal a grievance to which plaintiff never received a response. The grievance process to appeal an unfiled grievance is unclear so that plaintiff could not make use of it and, thus, there were no remedies available to plaintiff.

Accordingly, the Court should reject Judge Dancks recommendation with respect to Incident 6 and deny Defendants' motion in its entirety. In the alternative plaintiff request the court to hold a hearing to determine whether the administrative remedy was available but was not capable of use to obtain relief where the grievance procedure is so unclear that it could not be used

or grievance supervisors prevented plaintiff from taking advantage of the grievance process through manipulation and misrepresentation by failing to file the grievance when it was recieved.

## Incident 8

Judge Danhks simply found that plaintiff did not exhaust his administrative remedies with relation to Incident 8 because he did not appeal to the CORC and he filed the lawsuit before he supposedly appealed. ~~to the CORC~~

Initially, Plaintiff was in SHU when he gave an officer his grievance related to Incident 8, to submit to the grievance office and the officer failed to, or grievance supervisors failed to file it. Plaintiff then made a complaint with the Prisoners' Legal Services regarding officers interferring with his mail and his grievances not being filed (Dkt No. 29, at page 6, Exhibit "E"). After sending letter to Prisoner Legal Services who, in turn, sent letter dated April 22, 2019 along with grievance to the Deputy Superintendent at Upstate, grievance superviors filed plaintiffs' grievance on 4/24/19. Plaintiff received the Superintendent's decision dated June 4, 2019, at Mid-State where he was transferred, and he appeal said decision to the CORC on June 26, 2019 by submitting it to the grievance supervisors at Upstate.

Because grievance supervisors did not file plaintiff's appeal with the CORC to trigger their decision, plaintiff's right to file an appeal with CORC was not available and, thus, there was no administrative remedies available to plaintiff. The procedures for grievance do not provide any guidance for plaintiff on how to appeal to the CORC when grievance superviors do not file the appeal or how to obtain a decision from CORC when plaintiff never received a decision with the ~~statory~~ statutory period of thirty days.

Accordingly, the Court should reject Judge Danck's recommendation with respect to

Incident 8 and deny Defendants' motion in its entirety. In the alternative Plaintiff request a hearing to determine whether grievance supervisors prevented plaintiff from taking advantage of the grievance process through manipulation and misrepresentation by not filing plaintiff's appeal with the CORC, or to determine whether the administrative remedy was available but was not actually capable of use to obtain relief where the grievance procedure is so unclear that it could not be used.

    For all of the above reasons, the Court should reject Judge Dancks' recommendation and deny defendants motion in its entirety. In the alternative grant a hearing on the issue of exhaustion.

    Pausaunt to 28 U.S.C. §1746 I declare that, on this date, I cause the defendants attorney to be served with a copy of this letter brief by First-Class United States Mail at the address listed below.

Respectfully,

Mr. Jay Bradshaw
Plaintiff - Pro Se

CC: Erik Pinsonnault
Assistant Attorney General
The Capitol
Albany, New York 12224.

# Affidavit of Service

STATE OF NEW YORK )
COUNTY OF CHEMUNG) ss:

I, Jay Bradshaw, being duly sworn, deposes and says, that I am the Petitioner herein, and that on the date of notarization indicated below, I have place in a sealed, post-paid, wrapper a true and exact copy of the enclosed papers, Identified as: Letter-Motion dated September 10, 2020 for Reconsideration of Decision dated September 4, 2020 with attached Letter-Motion dated 8/10/20, regarding Objections, and Affidavit of Service, by placing same in U.S. Mailbox in Southport Correctional Facility for delivery to the United States Postal Service, and that such parcels were addressed to the parties indicated below:

| | |
|---|---|
| Clerk, U.S. District Court | Erik Pinsonnault |
| P.O. Box 7367 | Assistant Attorney General |
| 100 S. Clinton Street | The Capitol |
| Syracuse, New York 13261 | Albany, New York 12224 |

Respectfully Submitted,

Travis Micheler
Notary Public
State of New York
Schuyler County No. 01MI6330465
Commission Expires 09/14/20 23

Mr. Jay Bradshaw, pro se
(Print Name)
Southport Correctional Facility
P.O. Box 2000
Pine City, N.Y. 14871

Sworn and subscribed to before me on this 10 day of Sept, 2020

Notary Public

