UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                               Plaintiff,                  9:19-cv-00428 (BKS/TWD)

v.

FLETCHER, et al.,

                               Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Jay Bradshaw
08-A-3654
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

*For Defendants:*
Letitia James
Attorney General of the State of New York
Erik Boule Pinsonnault
Assistant Attorney General
New York State Attorney General's Office
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Presently before the Court is Plaintiff's motion for reconsideration, (Dkt. No. 49), of the Court's September 4, 2020 Order adopting the Report-Recommendation of Magistrate Judge Thérèse Wiley Dancks, and granting in part Defendants' motion for summary judgment. (Dkt. No. 45). For the following reasons, the Court grants Plaintiff's motion for reconsideration; vacates its September 4, 2020 Order; reviews the Report-Recommendation in light of Plaintiff's

objections; and, having considered Plaintiff's objections, adopts the recommendations in the report and grants in part Defendants' motion for summary judgment.

I.     BACKGROUND

Plaintiff pro se Jay Bradshaw brought this civil rights action under 42 U.S.C. § 1983 asserting claims arising out of his incarceration at the Upstate Correctional Facility. (Dkt. No. 1). On December 6, 2019, Defendants filed a partial motion for summary judgment under Fed. R. Civ. P. 56 arguing, inter alia, that certain claims should be dismissed for failure to exhaust administrative remedies; Defendants also sought dismissal of certain claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 29).[1] After this motion was fully briefed, (Dkt. Nos. 32, 33, 34, 36), Defendants filed a motion to revoke Plaintiff's in forma pauperis ("IFP") status and dismiss his complaint, conditionally. (Dkt. No. 38). Plaintiff responded to that motion. (Dkt. Nos. 40, 42). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on August 5, 2020, issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted in part for failure to exhaust administrative remedies, that certain claims be dismissed for failure to state a claim, and that Defendants' motion to revoke Plaintiff's IFP status be denied. (Dkt. No. 44). No objections were filed with the Court by the August 19, 2020 due date and on September 4, 2020, the Court issued an Order adopting the Report-Recommendation in its entirety. (Dkt. No. 45).

Plaintiff filed objections to the Report-Recommendation on September 14, 2020, and a motion for reconsideration on September 18, 2020, asking the Court to consider his objections. (Dkt. Nos. 46, 49).

---

[1] Defendants served Plaintiff with a Notification of the Consequences of Failing to Respond to a Summary Judgment Motion, in accord with N.D.N.Y. Local Rule 56.2. (Dkt. No. 29, at 3).

2

## II.  MOTION FOR RECONSIDERATION

Plaintiff asks the Court to consider his objections to the Report-Recommendation because he gave the objections, which were due by August 19, 2020, to prison officials for mailing on August 10, 2020. (Dkt. No. 46, at 6, 12; Dkt. No. 49, at 1). Although the objections were not received by the Court until September 14, 2020, the objections were dated August 10, 2020; Plaintiff averred that he gave them to prison officials for mailing on that date; and they were postmarked August 17, 2020. (Dkt. No. 46, at 12). Under the prison mailbox rule, the objections were timely filed. *See Mannix v. Phillips*, 619 F.3d 187, 196 (2d Cir. 2010). Assuming that the prison mailbox rule applies to objections made to a report-recommendation, the Court deems the objections timely. *Id.*; *cf. Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). Plaintiff's motion for reconsideration is thus granted. *See McMillian v. County of Onondaga*, No. 13-cv-1124, 2016 WL 9781807, at *1, 2016 U.S. Dist. LEXIS 199530, at *2 (N.D.N.Y. Mar. 29, 2016) (granting motion for reconsideration of order adopting report-recommendation, and reconsidering magistrate judge's recommendations in light of objections that were timely filed under the prison mailbox rule). The Court vacates its Order adopting the Report-Recommendation, (Dkt. No. 45), and considers Plaintiff's objections.

## III.  OBJECTIONS TO REPORT RECOMMENDATION

### A. Applicable Law

#### 1. Standard of Review

This court reviews *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection identifies the specific portions of the [Report-Recommendation] that the objector

asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Petersen*, 2 F. Supp. 3d at 229. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" made in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

**2. Exhaustion of Administrative Remedies**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To properly exhaust his administrative remedies, an inmate must complete the administrative review process in accord with the applicable state procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007).

The Department of Community Corrections and Supervision (DOCCS) grievance procedure in New York is generally a three-tiered process. An inmate must first file a grievance

4

with the Inmate Grievance Resolution Committee ("IGRC") within twenty-one days of the incident. N.Y. Comp. Codes R. & Regs. (NYCRR) tit.7, §§ 701.5(a)(1), (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility, *id.* at § 701.5(c), and adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"). The appeal to CORC must be submitted within seven days after receipt of the Superintendent's decision. *Id.* at § 701.5(d)(1)(i).

There is an expedited procedure for grievances that allege "employee harassment," that is "employee misconduct meant to annoy, intimate or harm an inmate." *Id.* at §§ 701.8, 701.2(e). Such grievances are forwarded directly to the prison superintendent, bypassing the IGRC review. *Id.* at § 701.8(b)(c). The superintendent has twenty-five days from the date of its receipt to render a decision. *Id.* at § 701.8(f). The superintendent's decision may be appealed within seven calendar days of receipt of the decision. *Id*. § 701.8(h). Exhaustion of remedies requires completion of the administrative appeal process. *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012).

"Under the PLRA, a prisoner need exhaust only 'available' administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016). In *Williams*, the Second Circuit considered whether the DOCCS grievance appeal process was available to an inmate who had given a grievance to a correction officer, for forwarding to the grievance office, while the inmate was in a Special Housing Unit (SHU) and the grievance was never filed or answered. The court found that the regulatory scheme contemplates appeals of grievances that were actually filed, and that when a grievance is unfiled and unanswered, the grievance "process to appeal . . . is prohibitively opaque, such that no inmate could actually make use of it." *Williams*, 829 F.3d at 126. Following *Williams*, this Court has found that the

5

DOCCS grievance appeal process is unavailable to inmates who have submitted grievances that were unfiled and unanswered. *See Stephanski v. Allen,* No. 18-76, 2020 WL 7248457, at *8, 2020 U.S. Dist. LEXIS 230774, at *24-25 (N.D.N.Y. Dec. 9, 2020); *Hamlett v. Stotler*, 17-cv-0939, 2019 WL 4306999, at *9, 2019 U.S. Dist. LEXIS 142026, at *26 (N.D.N.Y. Aug. 15, 2019), *report recommendation adopted*, 2019 WL 4305443, 2019 U.S. Dist. LEXIS 154525 (N.D.N.Y. Sept. 11, 2019); *Zulu v. Barnhart*, 16-cv-1408, 2019 WL 2997226, at *13, U.S. Dist. LEXIS, at *34 (N.D.N.Y. Apr. 22, 2019), *report recommendation adopted*, 2019 WL 2150628, 2019 U.S. Dist. LEXIS 83511 (N.D.N.Y. May 17, 2019).

### B. Discussion

In their motion for partial summary judgment Defendants argued, inter alia, (1) that claims regarding alleged incidents 1, 5, 6 and 8[2] should be dismissed for failure to exhaust administrative remedies, and (2) that claims as to incidents 3 and 5 should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Dkt. No. 29). Magistrate Judge Dancks recommended, inter alia: (a) dismissing Plaintiff's claims related to incidents 1, 5, 6, and 8 because Plaintiff failed to exhaust administrative remedies; (b) dismissing Plaintiff's failure to protect claim in incident 3 for failure to state a claim upon which relief may be granted; and (c) dismissing Plaintiff's claim for injunctive relief as moot. (Dkt. No. 44).[3] Magistrate Judge Dancks also recommended denying Defendants' motion to revoke Plaintiff's IFP status. (*Id.* at 24).

---

[2] The incident numbers correspond to the numbers Plaintiff used in the Complaint in describing the incidents. (Dkt. No. 1, at 3-10).

[3] In response to Defendants' request for clarification as to what claims against Defendant Welch survived initial review, Magistrate Judge Dancks noted that this Court dismissed the failure to protect claim against Welch relating to incident 8. (Dkt. No. 44, at 19-20). The Court agrees. The failure to protect claim against Welch related to incident 8 was dismissed in the May 9, 2019 Order. (Dkt. No. 8, at 23-24). The reference in that Order to a remaining failure to protect claim against Welch, (Dkt. No. 8, at 33), is a typographical error.

Plaintiff has objected to Magistrate Judge Dancks' recommendations that his claims regarding incidents 1, 5, 6 and 8 be dismissed for failure to exhaust administrative remedies and that the failure to protect claim alleged in incident 3 be dismissed for failure to state a claim. (Dkt. No. 46).

### 1. Failure to Exhaust Administrative Remedies

Magistrate Judge Dancks noted that Defendants submitted sworn declarations from two officials with the DOCCS Inmate Grievance Program stating that: Plaintiff did not file a grievance related to incidents 1, 5, and 6; and that Plaintiff did not appeal the Superintendent's decision with respect to incident 8. (Dkt. No. 44, at 14). In response to this evidence, Plaintiff filed an affidavit asserting that he had filed grievances regarding incidents 1, 5 and 6, but "never received" a response from the Inmate Grievance Program Supervisor, Sherri Debyah. (Dkt. No. 32, at 3-6). Plaintiff argued that the grievance process was unavailable because Debyah "refused to file" his grievances. (Dkt. No. 32, at 7-8). With respect to incident 1, Plaintiff submitted a copy of a grievance that he originally submitted, which Debyah rejected in a written memorandum, advising Plaintiff that the carbon copy he submitted was not acceptable and that "an original grievance must be submitted." (Dkt. No. 32, at 13-15). Plaintiff asserts that he replied in a letter, with a grievance that was rewritten. (Dkt. No. 32, at 3). Plaintiff provided a copy of the cover letter that he claims to have submitted with a rewritten grievance, but not a copy of the "rewritten grievance." (Dkt. No. 32, at 16). With respect to incident 8, Plaintiff asserts that he did appeal the Superintendent's decision, but the grievance process was

unavailable to him because either Debyah failed to submit his appeal to the CORC or the CORC failed to render a timely decision. (*Id.* at 6-8).[4]

Magistrate Judge Dancks concluded, inter alia, that Defendants presented evidence that Plaintiff "never successfully filed a grievance related to Incidents 1, 5 and 6," and that Plaintiff's "self-serving statements" asserting that he did file a grievance but never received a response, were "insufficient to overcome the evidence Defendants have presented relative to exhaustion." (Dkt. No. 44, at 15). With respect to incident 8, Magistrate Judge Dancks determined that, inter alia, even crediting Plaintiff's allegation that he sent an appeal to CORC, his claim would "have to be dismissed because he filed this action before he supposedly appealed," and exhaustion must be completed before commencing a lawsuit. (*Id.*, at 17-18). Plaintiff filed the Complaint in this action on April 10, 2019, before his alleged appeal on June 26, 2019. (Dkt. No. 1; Dkt. No. 32, at 20).

In his unsworn objections to the Report-Recommendation Plaintiff has provided a slightly different account of his alleged submission of grievances. (Dkt. No. 46). Plaintiff no longer argues simply that "Debyah refused to file his grievances." With respect to incident 1, Plaintiff asserts that the grievance process was "not actually capable of use" because he gave an officer his resubmitted grievance when he was in Special Housing Unit (SHU), and "the officer failed to submit it, or the grievance supervisors failed to file it." (Dkt. No. 46, at 1). With respect to incident 6, Plaintiff also asserts that "he was in SHU when he gave an officer" that grievance and "the officer failed to, or grievance supervisors failed to file it." (*Id.* at 4). Plaintiff now argues that he did in fact file a grievance related to incident 5, but "because grievance

---

[4] The record reflects that Plaintiff is well-versed in the DOCCS grievance process: he has filed 45 grievance appeals with the Central Office Review Committee. (Dkt. No. 29-3, at 6, 9-11).

8

supervisors did not file plaintiff's appeal [of that grievance] with the CORC to trigger their decision, plaintiff's right to file an appeal with CORC was not available." (*Id.* at 3). Plaintiff continues to assert that "grievance supervisors did not file plaintiff's appeal with the CORC" regarding incident 8, but he did not address Magistrate Judge Dancks' determination that this claim would have to be dismissed in any event because he filed this action before his alleged appeal.

Courts do not consider "new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Illis v. Artus*, No. 06-cv-3077, 2009 WL 2730870, at *1, 2009 U.S. Dist. LEXIS 77596, at *3 (E.D.N.Y. Aug. 27, 2009). However, even considering the Plaintiff's new assertion that he filed a grievance (UST-65002-19) concerning incident 5, it must be rejected as without merit. This grievance does not reference Defendant Fletcher's involvement in approving "inmate P" to bunk with Plaintiff on February 26, 2019, as alleged in incident 5: the grievance does not mention anything that happened on February 26, 2019, and has no allegations regarding "inmate P." (Dkt. No. 29-2, ¶ 30). And, even if the Court considers Plaintiff's latest unsworn account, accusing other officials of failing to file his grievances, the Court agrees with Magistrate Judge Dancks that Plaintiff's general, conclusory and self-serving statements are insufficient to raise a genuine issue of material fact regarding exhaustion of administrative remedies concerning incidents 1, 5 and 6. While Plaintiff has provided some corroboration of one of his claims—the cover letter he allegedly submitted with a rewritten grievance regarding incident 1—there is no copy of that rewritten grievance, or any others, and in light of Plaintiff's otherwise conclusory and unsupported allegations assertions that officials repeatedly failed to file his grievances, the Court finds that he has failed to raise a material issue of fact sufficient to defeat a motion for summary

judgment. *See*, *e.g.*, *Blake v. Porlier*, No. 18-cv-1008, 2019 WL 7484052, at *5, 2019 U.S. Dist. LEXIS 173760, at *12-14 (N.D.N.Y. Oct. 4, 2019), *report recommendation adopted*, 2020 WL 58613, 2020 U.S. Dist. LEXIS 1207 (N.D.N.Y. Jan. 6, 2020); *Bookman v. Lindstrand*, No. 15-cv-1542, 2018 WL 3121688 at *9, 2018 U.S. Dist. 25157, at *23-24 (N.D.N.Y. Feb. 14, 2018), *report recommendation adopted*, 2018 WL 1470585, 2018 U.S. Dist. LEXIS 49144 (N.D.N.Y. Mar. 26, 2018).

Finally, the Court adopts the recommendation that Plaintiff's claim regarding incident 8 must be dismissed because even crediting his assertion that he appealed, Plaintiff filed this action before he appealed, and exhaustion "must be completed before suit is filed." *Burgos v. Craig*, 307 F. App'x 469, 470 (2d Cir. 2008). Having reviewed Plaintiff's objections *de novo*, the Court adopts the recommendation to dismiss the claims related to incidents 1, 5, 6 and 8 for failure to exhaust administrative remedies for the reasons set forth in this decision.

### 2. The Failure to Protect Claim Alleged in Incident 3

In incident 3 Plaintiff alleges that on October 9, 2018, Defendant Fletcher "threatened to have plaintiff assaulted by his officers, and Inmate J, who attacked plaintiff on September 28, 2018, by putting plaintiff with him in B1-13 cell." (Dkt. No. 1, at 4). Plaintiff asserts that he reported this threat to a lieutenant who relocated Plaintiff "into another cell." (*Id.* at 4). Fletcher's threat allegedly put Plaintiff "in extreme fear for his safety." (*Id.*, at 4-5). Magistrate Judge Dancks concluded these allegations were insufficient to allege a failure to protect claim because "mere threats to place Plaintiff into a double-bunk cell" do "not establish that he was incarcerated under 'conditions posing a substantial risk of serious harm.'" (Dkt. No. 44, at 21).

In order to establish an Eighth Amendment violation for failure to protect an inmate from harm, a plaintiff must "show that he is incarcerated under conditions posing a substantial risk of

serious harm," and that the prison official acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *Lewis v. Siwicki*, 944 F.3d 427, 430-31 (2d Cir. 2019). Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

      Plaintiff objects to the recommendation to dismiss the incident 3 claim, asserting that Defendant Fletcher placed Plaintiff under "conditions posing a substantial risk of harm," because: (1) Fletcher was present for the escort to the new cell; and (2) it was "the same cell" where Plaintiff was "physically and sexually assaulted by a prisoner" that Fletcher "placed in the cell to attack plaintiff," citing to Fletcher's alleged threat in October 2018 in support of his assertion that Fletcher encouraged the January 10, 2019 attack by inmate Wright. (Dkt. No. 46, at 2). The Court notes that neither of these assertions is set forth in the Complaint. In any event, even if Fletcher was present for the escort to the new cell, that does not alter the analysis—Fletcher's alleged threat to have Plaintiff "assaulted by his officers and inmate J . . . by putting Plaintiff in a cell with him" was insufficient to allege a condition posing a substantial risk of harm. There is no suggestion that Plaintiff was placed in a cell with inmate J following this threat. And even if the cell to which Plaintiff was moved was "the same cell" where he was allegedly attacked by inmate Wright (not Inmate J), on January 10, 2019, inmate Wright was not moved into that cell until January 9, 2019—three months after Fletcher's alleged threat, and Fletcher's alleged conduct related to the January 2019 attack is the basis for Plaintiff's failure to protect claim in incident 4. (Dkt. No. 1, at 5-6). Having reviewed Plaintiff's objection regarding incident 3 *de novo*, the Court agrees with Magistrate Judge Dancks, for the reasons set forth in

the report, that Fletcher's alleged threat on October 9, 2018 is insufficient to state an independent failure to protect claim.

### IV.  CONCLUSION

Having considered the other recommendations in the report for clear error and found none, the Court adopts the remainder of the recommendations for the reasons stated therein.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 49) is **GRANTED**, and the Court's Order adopting the Report-Recommendation (Dkt. No. 45) is **VACATED**; and it is further

**ORDERED** that the recommendations in the Report-Recommendation (Dkt. No. 44) are **ADOPTED** for the reasons set forth in this decision; and it is further

**ORDERED** that the Defendants' motion for summary judgment (Dkt. No. 29) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's claims relating to incidents 1, 5, 6, and 8 are dismissed for failure to exhaust administrative remedies; and it is further

**ORDERED** that Plaintiff's failure to protect claim against Defendant Fletcher relating to incident 3 is dismissed for failure to state a claim; and it is further

**ORDERED** that Plaintiff's claim for injunctive relief is dismissed as moot; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 29) is otherwise **DENIED**; and it is further

**ORDERED** that Defendants' motion to dismiss the Complaint, conditionally, and revoke Plaintiff's in forma pauperis status (Dkt. No. 38) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 26, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

13