UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

                          Plaintiff,

            v.                                   9:19-CV-0428
                                                   (BKS/TWD)

FLETCHER, et al.,

                          Defendants.
_____

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. LETITIA JAMES                          JONATHAN REINER, ESQ.
New York State Attorney General          Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Jay Bradshaw, proceeding pro se in this 42 U.S.C. § 1983 ("Section 1983") civil rights action, alleges wrongdoing while he was incarcerated at Upstate Correctional Facility.  Dkt. No. 1 ("Complaint").  By Decision and Order entered on May 9, 2019, the Honorable Brenda K. Sannes granted plaintiff's application to proceed in forma pauperis in

accordance with 28 U.S.C. § 1915(g), and, following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed some of plaintiff's claims and some of the defendants, and directed service and a response for the claims against the named defendants that survived sua sponte review. Dkt. No. 8 ("May 2019 Order").[1]

Thereafter, counsel filed a motion for summary judgment in lieu of an answer, as well as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 29 ("Motion for Summary Judgment"); Dkt. No. 38 ("Motion to Dismiss"). After the motions were fully briefed, this Court issued a Report-Recommendation and Order on August 5, 2020, which recommended that defendants' Motion for Summary Judgment be granted, and defendants' Motion to Dismiss be granted in part and denied in part. Dkt. No. 44 ("August Report-Recommendation and Order").

By Memorandum-Decision and Order entered on September 4, 2020, Judge Sannes accepted and adopted the August Report-Recommendation and Order in its entirety. Dkt. No. 45 ("September 2020 Order"). Thereafter, defendants Fletcher, Healy, Jeffries, St. Mary, Trombley, and Woodruff answered the complaint, and a Mandatory Pretrial Discovery and Scheduling Order was issued. *See* Dkt. No. 47 ("Answer"); Dkt. No. 48 ("Scheduling Order").[2]

By Order entered on March 2, 2021, the deadline for amendment and joinder of

---

[1] With respect to plaintiff's claims against certain "Doe" defendants that survived sua sponte review, plaintiff was directed to take reasonable steps to ascertain the identity of these "Doe" defendants, and when identified, seek to amend the complaint to add the appropriate individuals as defendants pursuant to Federal Rule of Civil Procedure 15(a). *See* May 2019 Order at 34.

[2] After the September 2020 Order was issued, and before the Answer was filed, plaintiff submitted an objection to the August Report-Recommendation and Order. Dkt. No. 46. As a result, by Memorandum-Decision and Order entered on January 26, 2021, Judge Sannes vacated the September 2020 Order, reviewed the August Report-Recommendation and Order in light of plaintiff's objection, and once again adopted the August Report-Recommendation and Order in its entirety. Dkt. No. 55.

parties was extended to April 5, 2021. *See* Dkt. No. 59 ("March 2021 Order"). Following the March 2021 Order, plaintiff filed a letter wherein he requested, among other things, that the Court amend the docket as follows: (1) substitute "Officer Collinger" for defendant Corrections Officer John Doe #2; (2) substitute "Adam Gallagher" for defendant Corrections Officer John Doe #3; and (3) substitute "Walrath" for defendant Corrections Officer John Doe #4 and defendant Corrections Officer John Doe #6. *See* Dkt. No. 66.

By Order entered on April 1, 2021, this Court advised plaintiff that if he wished to amend the complaint, he must file a proper motion to amend, together with a signed proposed amended complaint. Dkt. No. 67 ("April 2021 Order"). In an effort to assist plaintiff in preparing a proposed amended complaint, the Court directed the Clerk to send him a copy of his complaint, and advised him that he could substitute named defendants in place of "Doe" defendants by handwriting the defendant's name in place of the applicable "John Doe" in the appropriate locations throughout the pleading, and captioning the document as his proposed amended complaint. *Id*.

Presently before the Court is plaintiff's motion to amend the complaint to add certain individuals as defendants in place of certain "Doe" defendants, together with a proposed amended complaint. Dkt. No. 70 ("Motion to Amend"); Dkt. No. 70-1 ("Prop. Am. Compl."). Defendants have not opposed the Motion to Amend.

## II.   PLAINTIFF'S MOTION TO AMEND

### A.   Legal Standard Governing Motions to Amend

The Federal Rules of Civil Procedure provide that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for

resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F. 3d 208, 212-13 (2d Cir. 2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283). However, motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *Monahan*, 214 F.3d at 283. An amendment is futile if the proposed claim could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *see also Malesko v. Corr. Serv. Corp.*, 229 F.3d 374, 382-84 (2d Cir. 2000), *rev'd on other grounds*, 534 U.S. 61 (2001) (A proposed amended complaint seeking to assert claims barred by the statute of limitations is futile and must be denied). The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court and the court's decision is not subject to review on appeal except for abuse of discretion. *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001).

### B.     The Complaint, May 2019 Order, and September 2020 Order

In his original complaint, plaintiff asserted claims arising while he was in the custody of the New York State Department of Corrections and Community Supervision at Upstate Correctional Facility. *See generally* Compl.

4

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the following claims were found to survive sua sponte review: (1) plaintiff's First Amendment retaliation claim against defendant Fletcher; (2) plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Welch and Gallagher; and (3) plaintiff's Eighth Amendment failure-to-protect claims against defendants Locke, C.O. John Doe #1, C.O. John Doe #2, C.O. John Doe #3, C.O. John Doe #4, C.O. John Doe #5, C.O. John Doe #6, Lincoln, Fletcher, Sergeant John Doe #1, Sergeant John Doe #3, Trombley, St. Mary, Healy, Jeffries, Welch, and Woodruff. *See* May 2019 Order at 33. Plaintiff's official capacity claims were dismissed with prejudice, and all remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id.* at 33-34.

In the September 2020 Order, Judge Sannes adopted the August Report-Recommendation and Order, which recommended dismissing the following claims: (1) plaintiff's Eighth Amendment failure-to-protect claims against defendants Locke, C.O. John Doe #1, Sergeant John Doe #1, Lincoln, and Woodruff based on alleged wrongdoing that occurred on September 28, 2018; (2) plaintiff's Eighth Amendment failure-to-protect claim against defendant Fletcher based on alleged wrongdoing that occurred on October 9, 2018; (3) plaintiff's Eighth Amendment failure-to-protect claims against defendants Fletcher and Woodruff and his First Amendment retaliation claim against defendant Fletcher based on alleged wrongdoing that occurred in February, 2019; (4) plaintiff's Eighth Amendment failure-to-protect claims against defendants Woodruff and Sergeant John Doe #3 based on alleged wrongdoing that occurred on March 5, 2019; and (5) plaintiff's Eighth Amendment excessive force, failure-to-intervene, and failure-to-protect claims against defendants Welch

5

and Gallagher based on alleged wrongdoing that occurred on March 15, 2019.  *See* August Report-Recommendation and Order at 3-9, 28-29.

In light of these rulings, only the following claims remain in this action: (1) plaintiff's Eighth Amendment failure-to-protect claims against defendants Fletcher, C.O. John Doe #2, C.O. John Doe #3, C.O. John Doe #4, C.O. John Doe #5, and Woodruff based on alleged wrongdoing that occurred on October 2, 2018; (2) plaintiff's Eighth Amendment failure-to-protect claims against defendants Fletcher, Trombley, Woodruff, Healy, Jeffries, C.O. John Doe #6, and St. Mary based on alleged wrongdoing that occurred on January 8, 2019; and (3) plaintiff's Eighth Amendment failure-to-protect claims against defendants Fletcher and Woodruff based on alleged wrongdoing that occurred on March 11, 2019.  *See* August Report-Recommendation and Order at 3-9, 29.

### C.     Overview of the Proposed Amended Complaint

Consistent with the April 2021 Order, plaintiff has handwritten the names of certain defendants in place of certain "Doe" defendants on his original complaint, and captioned the document as his proposed amended complaint.  *See* Prop. Am. Compl.  The proposed amended complaint identifies the "Doe" defendants as follows: (1) C.O. John Doe #2 is Corrections Officer Collinger; (2) C.O. John Doe #3 is Adam Gallagher; (3) C.O. John Doe #4 is Corrections Officer Walrath; (4) C.O. John Doe #5 is Corrections Officer Thomas; and (5) C.O. John Doe #6 is Corrections Officer Walrath.  *See Id*.

For a more complete statement of plaintiff's claims, reference is made to the proposed amended complaint.

**D.     Analysis**

    **1. Previously Dismissed Claims Re-Asserted in the Proposed Amended Complaint**

Insofar as the proposed amended complaint reasserts any of the claims that were dismissed in either the May 2019 Order, or the September 2020 Order, the Motion to Amend is denied because it would be futile to require a response to those claims for the reasons set forth in those orders.

    **2. Remaining Claims**

Insofar as the proposed amended complaint re-asserts the claims that were found to survive both the May 2019 Order and the September 2019 Order, and seeks to substitute Corrections Officers Collinger, Gallagher, Thomas, and Walrath in place of the current "Doe" defendants, the Motion to Amend is granted, and the Clerk is directed to update the docket as follows: (1) substitute Corrections Officer Collinger for C.O. John Doe #2; (2) substitute Adam Gallagher for C.O. John Doe #3; (3) substitute Corrections Officer Walrath for C.O. John Doe #4 and C.O. John Doe #6; and (4) substitute Corrections Officer Thomas for C.O. John Doe #5.  In so ruling, the Court expresses no opinion as to whether plaintiff's claims against these officials can withstand a properly filed dispositive motion.

**III.    CONCLUSION**

    **WHEREFORE**, it is hereby

    **ORDERED** that plaintiff's Motion to Amend (Dkt. No. 70) is **GRANTED IN PART AND DENIED IN PART** as set forth above; and it is further

    **ORDERED** that the proposed amended complaint (Dkt. No. 70-1), **as modified herein**, will supersede and replace the previously filed complaint and will be the operative

pleading.  The Clerk is directed to docket the proposed amended complaint (Dkt. No. 70-1) as the amended complaint; and it is further

**ORDERED** that the Clerk is directed to update the docket to name previously identified "Doe" defendants as follows: (1) C.O. John Doe #2 is Corrections Officer Collinger; (2) C.O. John Doe #3 is Adam Gallagher; (3) C.O. John Doe #4 is Corrections Officer Walrath; (4) C.O. John Doe #5 is Corrections Officer Thomas; and (5) C.O. John Doe #6 is Corrections Officer Walrath; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Collinger, Walrath, and Thomas; and it is further

**ORDERED** that counsel for defendants Fletcher, Healy, Jeffries, St. Mary, Trombley, and Woodruff advise the Court, within ten (10) days, whether the New York State Attorney General's Office will accept service of the amended complaint on behalf of Adam Gallagher, who was previously served with a summons and complaint in this case; and it is further

**ORDERED** that the deadline for defendants Fletcher, Healy, Jeffries, St. Mary, Trombley, and Woodruff to respond to the amended complaint is **STAYED** pending the completion of service on defendants Collinger, Gallagher, Walrath, and Thomas, at which time the response deadline shall be reset; and it is further

**ORDERED** that the stay of the pretrial deadlines entered on May 11, 2021 (Dkt. No. 72) is lifted; and it is further

**ORDERED** that the discovery deadline is reset to October 1, 2021, and the dispositive motion deadline is reset to December 3, 2021; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: June 15, 2021
         Syracuse, NY

*Thérèse Wiley Dancks*
U.S. Magistrate Judge