```
U.S. DISTRICT COURT - N.D. OF N.Y.
        FILED
      OCT 27 2021
AT_____O'CLOCK
John M. Domurad. Clerk - Syracuse
```

Mr. Jay Bradshaw
DIN: 08-A-3654
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

October 25, 2021

Clerk, U.S. District Court
P.O. Box 7367
100 Clinton Street
Syracuse, New York 13261-737          Re: Bradshaw v. Locke, et al
Attention: Brenda K. Sannes, U.S.D.J.          19-CV-0428 (BKS)(TWD)

Dear Judge Sannes:

Please find enclosed Notice of Motion and Affidavit dated October 25, 2021,
including Exhibits.

Additionally, I wish to inform the Court that I am being deprived of in-coming
legal mails by Upstate officers. Thus, if the Court issued any orders or the
defendants has submitted any papers that require my response. If I fail by
any means to respond it may be that I have not been provided the mails. Any
mail sent or after about October 15, 2021 may have been withheld. I would
therefore request a stay in the proceedings of any order or response that may
be required to submit.

I also request an updated copy of the Court's Docket sheet.

Very truly yours,

To: Jonathan S. Reimer                    Mr. Jay Bradshaw
    Assistant Attorney General            Plaintiff Pro Se
    The Capitol
    Albany, New York 12224

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAY BRADSHAW,

                    Plaintiff,          NOTICE OF MOTION

      —against—

PAUL FLETCHER, et al
                    Defendants

                                        19-CV-0428 (BKS)(TWD)

      PLEASE TAKE NOTICE that upon the annexed affidavit of Jay Bradshaw, and Exhibits annexed thereto, and upon all prior proceedings had heretofore, on a date and time to be scheduled by the Court, or as soon thereafter as plaintiff can be heard, plaintiff will make a motion at the United States District Court, Northern District of New York, Syracuse, New York, for an order, for the following relief : granting

      1. Pursuant to Fed. R. Civ. P. 60(b)(2) Rule (3) for relief from the judgment entered in this action on January 26, 2021 dismissing claim cause of action arising from incident 1, 5, 6 and 8 for failure to Exhaust Administrative Remedies, and to set aside the judgment on the basis of newly discovered evidence, or fraud and misrepresentation by defendants;

      2. Pursuant to Fed. R. Civ. P. Rule 15(a)(2) (c)(d)(A)(B)(c), and (d). For and Local Court Rule 15.1(a) leave to file an amended complaint add include a to plead assert a claims and that relates back to the original pleading, to change names of parties, and to supplement the pleadings to set out occurences and event that happened after the original pleadings.

      3. Pursuant to 28 U.S.C. § 1915(e)(1) for the Court to order the appoinment of counsel

      4. Pursuant to Fed. R. Civ. P. Rule 23, and Local Rule 23.2, designating this a Class Action

Dated: Malone, New York
      October 25, 2021

                                        Respectfully submitted,

To : Jonathan S. Reiner
      Assistant Attorney General         Mr. Jay Bradshaw
      The Capitol                          Plaintiff - Pro Se
      Albany, New York 12224              DIN:08-A-3654
                                          Upstate Correctional Facility
                                          P.O. Box 2001, Malone, NY 12953

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

JAY BRADSHAW,

              Plaintiff,           **Plaintiff's Affidavit In Support of Motion**

    – against –

PAUL FLETCHER, et al

           Defendants

                        19-CV-0428(BKS)(TWD)

I, Jay Bradshaw, affirm under penalty of perjury that:

1. I am the plaintiff and am proceeding pro se in the above-captioned matter. I make this affidavit in support of my motion to set aside the judgment on the basis of new discovered evidence, or fraud and misrepresentation by defendants with respects to the cause of action arising from Incident 1, 5, 6 and 8; (a) for leave to file an amended complaint to assert claims that relates back to the original complaint, to change the name of parties, and to supplement the pleading to set out occurances and events that occurred after the original pleadings; (3) for the court appointment of counsel; and (4) for class certification.

2. This affidavit is based on personal knowledge. I have personal knowledge of the facts which bears on this motion because I am the plaintiff in this matter.

## Procedural Background

3. Plaintiff Jay Bradshaw brought this civil rights action under 42 U.S.C. § 1983 asserting various claims arising out his incarceration at Upstate Correctional Facility. (Dkt. No. 1).

4. On December 6, 2021, defendants filed a partial motion for summary judgment under Fed. R. Civ. P. 56 arguing, inter alia, that claims for Incident 1, 5, 6 and 8 should be dismissed for failure to exhaust administrative remedies. (Dkt. No. 29)

5. On August 5, 2020, U.S. M.J., Thérère Wiley Danck issued a Report-Recommendation recommending that Defendant's motion for summary judgment be granted in part for failure to exhaust administrative remedies with respects to claims for Incident 1, 5, 6 and 8.

6. On September 14, 2020, plaintiff filed objections to the Report-Recommendation, and

2

a motion for reconsideration on September 18, 2020. (Dkt Nos. 46, 49).

7. On January 26, 2021, the Court adopted the recommendations in the report and granted in part Defendants motion for summary judgment and, dismissed Claims for Incident 1, 5, 6 and 8 for failure to exhaust administrative remedies.

## Factual Background

## Incident 1

8. In defendants' motion for summary judgment, defendants alleged that plaintiff "did not file a grievance regarding Incident 1" (Dkt Nos. 32-2, 29-3)

9. In response to defendants' motion, plaintiff argued that he submitted and re-submitted grievance with regard to Incident 1 but never received further response and, thus, he could not exhaust his administrative remedies because it was unavailable. Debyah did accept the grievance.

10. This Court held that plaintiff did not file a grievance related to Incident 1.

11. In the New York State Supreme Court, Albany County, plaintiff commenced an in May 2021 Civil Practice Law and Rules (CPLR) Article 78, in the nature of mandamus for filing to compel, defen Debyah and Seguin to accept plaintiffs' grievance for yor (grievance dated October 1, 2021) related to Incident 1 (Index No. 6408-20).

12. In response to def plaintiff's Article 78, in May 2021, Debyah submitted affidavit stating that plaintiff grievance related to Incident 1 had been filed and assigned grievance number UST-064236-18. A copy of the filed grievance was also disclosed as it was filed October 12, 2018 (see, Grievance dated October 1, 2018, annexed hereto as Exhibit "1"

13. Defendants committed fraud on the Court and plaintiff by their deliberate misrepresention that plaintiff's did not file a grievance regarding Incident 1.

14. Debyah was directed by the Supreme Court by Decision and Order dated July

3.

13, 2021 to accept plaintiff's appeal to the Superintendent as timely.

15. On July 26, 2021, plaintiff submitted appeal-letter requesting to appeal to the Superintendant, see, Appeal-Letter dated July 26, 2021, annexed hereto as Exhibit "2" Debyah and Seguin never responded to plaintiff's appeal

16. On August 15, 2021, plaintiff submitted appeal-letter stating that he have not received a decision from the Superintendent within twenty days and requested to appeal to Central Office Review Committee (CORC), see, Appeal-Letter dated August, annexed hereto as Exhibit "3"

17. On August 16, 2021, plaintiff spoke with Debyah about his appeals and Debyah acknowledged receipt but stated they will not be responded to or exhausted.

18. Debyah and Seguin made deliberate efforts to prevent plaintiff from exhausting his administrative remedies with respect to Incident 1 by fraud on the Court and plaintiff with their deliberate misrepresentations.

19. The Court should consider that defendants fraud and misrepresentation prevented plaintiff from fully and fairly presenting his case.

20. The Court should therefore grant plaintiff relief from the judgment dismissing claim for Incident 1 and to restore the same.

Incident 6

21. In defendants' motion for summary judgment, defendants alleged that "plaintiff did not file a grievance with respect to allegation in Incident 6."

22. In response to defendants' motion, plaintiff argued that SHU officers failed to submit the grievance or the grievance supervisors [Debyah and Seguin] failed to file it.

23. This Court held that plaintiff did not exhaust administrative concerning Incident 6.

24. As an initial matter, plaintiff did file grievance dated March 5, 2019 regarding Incident 6. Due to the urgency of the grievance complaint plaintiff could not wait a week to obtain copies from the law library.

25. Plaintiff also submitted a letter dated March 5, 2019 to the Chaplain at Upstate which was in substance related directly to Incident 6.(see, Letter dated March 5, 2019, annexed hereto as Exhibit "4")(Note: Plaintiff had to retrieve a copy of this letter from his estranged attorney Abraham Schewel who was sent a copy).

26. Plaintiff also sent a copy of his grievance dated March 5, 2021 to Prisoners' Legal Services. ~~by letter dated March 12, 2019,~~

27. In response, Prisoners' Legal Services acknowledged receipt of grievances from plaintiff, and indicated plaintiff's concerns that his grievances were interfered with by [facility] staff, and forwarded a copy of the grievances to Mr. Sauther PREA department. (see, Letter dated March 12, 2019, by Prisoners' Legal Services, annexed hereto as Exhibit "5").

28. It is worth noting that the grievance supervisors Debyah and Seguin did not file plaintiff's grievance dated March 1, 2021 (Grievance number UST-65002-19) relating to Incident 5 until ~~App~~ April 26, 2019, and grievance dated March 22, 2019 (Grievance number UST-65002-19) relating to Incident 7 until April 26, 2019.

29. When plaintiff submitted both grievances on their respective date, neither grievance was filed by Debyah and Seguin which compelled plaintiff to write prisoner's Legal Services, who then sent ~~letter to the ss~~ to the facility letter dated April 22, 2019 to Mr. Sauther along with copies of the grievances.(see Letter dated April 22, 2019, by Prisoners Legal Services, annexed hereto as Exhibit "6").

30. Despite the dates the grievances were submitted, Debyah and Seguin did not file the grievances until after Prisoners' Legal Services sent letter on plaintiff's behalf. This is evidence that Debyah and Seguin intended not to file the grievances.

31. Likewise, Debyah and Seguin intended not to file plaintiff's grievance dated March 5, 2021 relating to Incident 6. though they received ~~sub such~~ said grievance.

32. ~~Bradsho~~ Because Debyah and Seguin committed fraud on the court and plaintiff by misrepresenting that plaintiff did not file a grievance with respect to Incident 1 — though he clearly did —, the court should consider that Debyah and Seguin has also committed fraud on the court and plaintiff by misrepresenting that plaintiff did not file grievance dated March 5, 2019 with regard to Incident 6.

33. Debyah's and Seguin's fraud and misrepresentation prevented plaintiff from fully and fairly presenting his case.

34. The Court should therefore grant plaintiff relief from the judgment dismissing claim for Incident 6 for failure to exhaust and should restore the same.

Incident 8

35. In defendant's motion for summary judgment, defendants alleged that plaintiff did not exhaust ~~filed grievance~~ administrative remedies with respect to Incident 8 because he did not appeal the Superintendent's decision to CORC.

36. In response to defendants' motion, plaintiff argued that Debyah and Seguin, the grievance supervisors did not file his appeal of the Superintendent's decision with respect to Incident 8 to the CORC and, thus, there was no administrative remedies available to plaintiff.

37. This Court held that plaintiff did not exhaust administrative remedies concerning Incident 8 because he filed the ~~appeal to~~ this action before he appealed. The Court thus ~~except~~ accept that plaintiff's filed appeal of the Superintendent's decision with respect to Incident 8 to the CORC.

38. Debyah and Seguin has yet to process plaintiff's appeal and ~~intend to~~ has interfered with plaintiff access to the grievance process. The grievance process is unavailable. with respect to Incident 8.

39. The Court should consider that defendants committed fraud on the Court and ~~defen~~ plaintiff by their deliberate misrepresentation that plaintiff did not file a grievance regarding Incident 1.

40. Likewise, the Court should consider that plaintiff's efforts to exhaust his administrative remedies regarding Incident 8 is because Debyah's and Seguin's misrepresentation and deliberate effort to prevent plaintiff to exhaust administrative remedies with regards to Incident 8.

41. Debyah's and Seguin's fraud and misrepresentation prevent plaintiff from fully and fairly presenting his case.

42. The Court should therefore grant plaintiff relief from the judgment dismissing claim for Incident 8 for failure to exhaust and should restore the same.

## PART 2: ~~MOTION~~ Leave TO AMEND AND SUPPLEMENT COMPLAINT

43. Rule 15(a)(2) provides that after a party has amended a pleading once as of course or the ~~time~~ for amendments of that type has expired, a party may amend only by obtaining leave of the Court or if the adverse party consents to it

44. Rule 15(a)(2) encourages the court to look favorably on request to amend. It states that "the court should freely give leave when justice so requires." When ~~no prejudice was~~ there is no prejudice the rights of any of the other parties to the suit.

45. Here, ~~plaintiff~~ with regards to Incident 4, 6-8, plaintiff seek to name ~~defe~~ as a defendant ~~the~~ Donald Uhler, the Superintendent at Upstate under the theory of Supervisory Liability. Although the Court previously dismissed Uhler as a defendant, said claims were dismiss without prejudice, ~~and defent~~ and the claims are being asserted within the statute of limitation and defendants will suffer no prejudice.

46. Also, with regards to Incident 4 & 7, plaintiff seek to name as a defendant Brandon Nichols, DOCCS Investigor of Inspector General Office, for maintaining an ~~Investigor for that~~ unconstitutional policy or custom at Upstate by approving, condoning, and turning a blind eye to unconstitutional conduct of officers at Upstate.

47. Further, with respect to Incident ~~8~~ 1,5,6, plaintiff seek to name as a defendant Sherri Debyah, ~~and~~ IGP Supervisor at Upstate for deliberate indifference to his safety and failure to intervene. In addition, plaintiff seek to bring claims against Debyah for ~~failure to~~ not accepting and processing plaintiffs' grievances and appeals related to Incident 1, 5, 6 and 8 as required by Correction Law § 139 and 7 NYCRR § 701.1. which violates plaintiff right to procedural due process.

48. ~~Enclo~~ Annexed hereto as Exhibit "7", is a copy of plaintiff's proposed Second Amended Complaint.

49. Accordingly, the Court should grant plaintiff leave to amend and supplement the complaint where there would be no prejudice to the rights of any of the parties

to the suit.

PART 3: ~~Request~~ Motion For Certification of a Class Action

50. Plaintiff seek a declaratory ~~and injunctive relief~~ declaring that there is an ~~unconstitutional~~ unconstitutional ~~fla a~~ policy or custom at Upstate for officers to failure to protect or failure to intervene prisoners from physical and sexual assault, and for facility staff and officers to be aware of such ~~but fail to report such~~ through a complaint or grievance but would fail to repost it. an order enjoining defendant from such unconstitutional conduct; and compensatory damages for the injuries caused by defendants unlawful actions

51. The members of the class are so numerous as to render joinder impracticable. On information and belief, there are ~~about~~ thousands of persons who were and are confined at Upstate from the date on which this action has been filed and extends until such a date when the defendants are enjoined from, or otherwise cease enforcing the unconstitutional policy, practice, procedure and custom of their failure to protect or failure to intervene in violation of their Eighth and Fourteenth Amendment Rights.

52. The questions of law and fact are common ~~to the~~ each class member. Plaintiff is an adequate representative of the class.

53. Accordingly, plaintiff request a court order certifying this class as a class pursuant to Fed. R. Civ. P. 23(a), 23(b), naming plaintiff as the class representatives, and appointing qualified counsel to represent the class and to conduct discovery in this matter.

## CONCLUSION

This Court should grant the relief sought herein in its entirety.

Date: Malone, New York
       October 15, 2021

Mr. Jay Bradshaw
Plaintiff - Pro Se
DiN:08-A-3654
Upstate Correctional Facility
P.O. Box 2001, Malone, NY 12953

8

Exhibit "1"   (24)

DOESN'T WANT
TO DOUBLE BUNK

Mr. Jay Bradshaw
DIN 08-A-3654
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

UST-64286-18
10/12/18
24.

October 1, 2018

New York State Department of Law
Attorney General Office          Re: Prisoner Complaint
The Capital
Albany, New York 12224

Dear Sir,

On 6/28/18, upon my admission into Upstate Correctional facility, I inform the Block sergeant during an initial interview that I may be vulnerable to abuse in cell with another prisoner. I was relocated into a cell with a prisoner admitted with me - over my objection. Prior to entering the cell the escorting officer informed the prisoner of the nature of my criminal case, and instructed him to attack me. And on other occasions, likewise, different officers ordered the prisoner to attack me.

While in the cell for almost three (3) months, I was lefted in complete distress and under duress due to this prisoner's desire to make me the subject of his sexual desires and pleasures. I addressed issues and complaints about cellmate with both the counsellor and mental health therapist. I also filed grievance against officers who informed prisoner to attack me which the Grievance supervisor refused to file. I filed two (2) additional grievances against the grievance supervisor for this reason.

On 9/25/18, at approximately 5:30 pm, officer Locke appeared in front of cell and stated he want to take mattress out of the cell. After I locked out, he bought in prisoner who proclaimed that Locke ordered him to attack me. Locke remained in front of the cell anticipating the attack. I informed the prisoner of the previous problem had between me and Locke who previous wrote me a ticket. I was subjected to an attack orchestrated by Locke.

On 10/1/18, at about 8:30 PM, officer Tourville brought a prisoner to cell but I refused him into the cell. I informed Tourville and Sergeant Hiraide of my concerned to be in cell with prisoners due to orchestrated attacks and/or being victimized - perhaps sexually. My safety and well being is in jeprody here at Upstate.

Sincerely,

[signature]
Mr. Jay Bradshaw

Attorney General Office
Empire State Plaza, Agency Building 4th floor
Albany, New York 12223

Exhibit "2"

To: Sherri Debyah, IGP Supervisor — Upstate Correctional Facility
From: Mr. Jay Bradshaw   DIN: 08-A-3654   LOC: 10-A1-18
Date: July 26, 2021
Re: Grievance# UST-64236-18 (Bradshaw v. Annucci, Index No: 6408-2D)

Pursuant to the Court's decision and order dated July 13, 2021, I write to inform
you that I wish to appeal the IGRC decision dated November 7, 2019 to the
Superintendent.

Mr. Jay Bradshaw
Grievant

CC: Andrew W. Koster
Assistant Attorney General
The Capitol
Albany, New York 12224

Exhibit 3

To: Sherri Debyah, I&P Supervisor — Upstate Correctional Facility
From: Mr. Jay Bradshaw    DIN: 08-A-3654    LOC: 10-A1-18
Date: August 15, 2021
Re: Grievance No. 64236-18 (Appeal To CORC) (Bradshaw v. Annucci, Index No.: 6408-20)

 I write in regards to the above-referenced grievance number 64236-18.
Pursaunt to the Court's order dated July 13, 2021 (Index No. 6408-20), I
submitted appeal dated July 26, 2021, to the denial of my grievance to the
Superintendent. I have yet to receive a decision from the Superintendent,
within twenty-five days. I want to appeal to the CORC.

Mr. Jay Bradshaw
Grievant

cc: File

Exhibit "4"

To: Chaplain Chamberlain, Ministerial Services — Upstate Correctional Facility

From: Mr. Jay Bradshaw    DIN: 08-A-3654    Loc: 11-A1-03T

Date: March 5, 2019

Re: Risk of Attack and Being Harmed

On March 5, 2019, at approximately 10AM, I was taken out the cell for an attorney call. Felex Perez (17 A 4411) was my bunkies. When I returned to the cell, Perez was gone and inmate Eschaverria was put in the cell. Echaverria subsequently attacked me because of the crimes I have been convicted of, which is Rape in the First Degree. I know that another inmate will be put in the cell and I will be attacked again. Nonetheless, the officers are placing individuals in the cell despite fact that they are aware that I will be at risk of attack and being harmed. I again seek your assistance.

Sincerely,

Mr. Jay Bradshaw

CC: Abraham Schewel, Esq.
    233 Broadway, Suite 2220
    New York, New York

P.S.: I greatly appreciate your response to my other letter with and especially the Scripture-Text Date Book.

Exhibit "5"

# PRISONERS' LEGAL SERVICES
## OF NEW YORK

**Executive Director**
Karen L. Murtagh

24 Margaret Street, Suite 9
Plattsburgh, New York 12901-0456
(518) 561-3088
FAX - (518) 561-3262

**Staff Attorneys**

**Managing Attorney**
Michael E. Cassidy

**Law Graduate**
Kolleen Duley

**Privileged and Confidential
Legal Communication**

March 12, 2019

Jay Bradshaw
08-A-3654
P. O. Box 2001
Malone, NY 12953-2001

Dear Mr. Bradshaw:

Good day. We recently received your letter and your documents stating that you feel that you are in danger and that you fear that your grievances may be getting intercepted by staff. I have made copies of your grievances and forwarded them to Mr. Sauther PREA department. I also requested that this matter be investigated. I have enclosed a copy of this letter and your return documents with this letter. Please keep us informed of any progress or investigation into your complaints and we can determine what further assistance, if any, we may be able to provide.

Yours truly,

Kolleen Duley
Law Graduate

Michael Cassidy
Managing Attorney

Enc.

Exhibit "G"

# PRISONERS' LEGAL SERVICES
## OF NEW YORK

**Executive Director**
Karen L. Murtagh

**Managing Attorney**
Michael E. Cassidy

24 Margaret Street, Suite 9
Plattsburgh, New York 12901-0456
(518) 561-3088
FAX - (518) 561-3262

**Staff Attorneys**

**Law Graduate**
Kolleen Duley

April 22, 2019

D. Sauther Asst. Deputy Superintendent/ P.R.E.A. Dept.
Upstate Correctional Facility
P. O. Box 2001
Malone, NY 12953-2001

RE:    Jay Bradshaw (08-A-3654)

Dear Mr. Sauther:

Good day. This is a follow-up to the March 8, 2019 letter that our offices sent to you forwarding the complaints of the above referenced individual, Mr. Bradshaw. Since our last correspondence, our offices received an additional letter from Mr. Bradshaw suggesting that he has suffered another sexual assault by a cellmate on March 11, 2019. He states that this prisoner was purposefully placed into his cell to "take care of him" and that he was threatened with being cut, if he didn't "turn around and pull his pants down." Mr. Bradshaw fears retaliation from staff for reporting the assault, including corrections officers whom he claims have threatened to "pull a stunt, say it's a hang-up, and run into the cell." Additionally, Mr. Bradshaw claims to have reported the sexual assault to nursing staff, whom we assume are in the position to report it to the proper authorities.

Mr. Bradshaw fears that his P.R.E.A. complaints and grievances have been intercepted by staff. Enclosed with this letter are copies of his initial complaints and those pertaining to the incidents he describes as occurring more recently. We ask that you process and investigate these complaints and see that he is safely housed.

Thank you for your time in this matter.

Yours truly,

Kolleen Duley. Ph.D.
Law Graduate

Michael Cassidy
Managing Attorney

Enc. Mr. Bradshaw's P.R.E.A. complaint and Grievance

EXHIBIT "7"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAY BRADSHAW,
                    Plaintiff,

        — against —

DONALD UHLER, NATHAN LOCKE, WES LINCOLN,
PAUL FLETCHER, ROBERT GOLLINGER,
ADAM GALLAGHER, JOSHUA WALRATH, ~~TONYE~~
TREVOR TENEYCH, PAUL WOODRUFF, James TROMBLEY,
~~½~~ MICHAEL EDDY, JAMES HEALY, DARRIN JEFFERY,
KEVIN ST. MARY, MATTHEW WELCH and Sergeant JOHN
DOE, SHERRI DEBYAH, BRANDON NICHOLS
                    Defendant

|  |  |
|---|---|
| | CLASS ACTION |
| | COMPLAINT |
| | JURY TRIAL DEMANDED |
| | 9:19-CV-0428(BKS)(TWD) |

## CLASS ACTION COMPLAINT

1.   Plaintiff, Jay Bradshaw, individually and on behalf of all others similarly situated, by
     and through qualified counsel, to be appointed by the Court, as and for their Complaint
     on information and belief, state as follows:

## PRELIMINARY STATEMENT

2.   This action is brought for compensatory damages, punitive damages and injunctive
     relief under 42 U.S.C. § 1983, for violation of his civil rights, as said rights are
     secured by said statutes and the Constitution of the United States.

3.   In addition, the defendants has ~~instituted~~ an unwritten policy, practice, procedure
     and custom pursuant to which there is deliberate indifferent to prisoners safety at
     Upstate Correctional Facility ("Upstate") by their failure to protect and intervene against
     inmate-on-inmate assaults and sexual assaults. This unwritten policy, practice,
     procedure and custom toward ~~all prisoners at Upstate~~ plaintiffs and those similarly situated at Upstate
     is unconstitutional and prohibited by the laws and Constitutions of the United States
     and New York State.

## JURISDICTION AND VENUE

4.   The Court has jurisdiction over the plaintiffs claims of violation of federal constitutional

1

rights and under 42. U.S.C. §§ 1331, 1343 and 1307.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### JURY DEMAND

6.  Plaintiff demand trial by jury of all issues in this matter. Fed. R. Civ. P. 38.

### PARTIES

7.  Plaintiff Jay Bradshaw was at all time relevant, incarcerated at Upstate Correctional Facility ("Upstate") is a named representatives of this proposed class action

8.  Defendant ~~Uhler~~ Donald Uhler is the Superintendent, and at all time relevant, is responsible for the policy, practice, procedure, supervision, implementation and conduct of all matters at Upstate Correctional Facility. He is sued in his individual capacity.

9.  Defendant Paul Woodruff ~~is~~ was the Deputy of Security at all times relevant, and is responsible for the policy, practice, procedure, supervision, implementation and conduct of all matters at Upstate.  He is being sued in ~~the~~ his individual capacity.

10.  Defendant Nathan Locke, Wes Lincoln, Robert Gollinger, Adam Gallagher, Jeshua Walrath, Trevor Teneych, Jame Trombley, James Healy, Darrin Jeffery, Kevin St. Mary, and Matthew Welch are correction officers employed at Upstate.  They are sued in their individual capacity.

11.  Defendant Paul Fletcher is a correctional sergeant employed at Upstate.  He is sued in his individual capacity.

12.  Defendant Michael Eddy is a correctional lieutenant employed at Upstate. He is sued in his individual capacity.

13.  Defendant Sergeant John Doe is a correctional sergeant employed at Upstate.  He is sued in his individual capacity.

14.  Defendant Sherri Debyah is ~~a to~~ the grievance supervisor at Upstate.  She is sued in her individual capacity.

15.  Defendant Brandon Nichols is employed at the Department of Correction and

2

Community Supervision ("DOCCS") Inspector General Office. He is sued in his individual capacity.

~~16.~~

## FACTS

<u>Incident 1</u>

16. On September 28, 2018, at about 5:30 P.M., defendant Locke brought ~~to inmate J~~ to plaintiff's cell inmate J, who attacked another inmate~~ly~~ before being placed in the cell with plaintiff.

17. While in the cell, Inmate J informed plaintiff that Locke stated "You can get him [Plaintiff]." Locke was aware that inmate J intended to attack any prisoner he was placed in the cell with and did remain in front of the cell for about five (5) minutes — perhaps anticipating the attack.

18. At about 6 P.M., Inmate J stopped Lincoln on rounds and stated "I do not want to remain in the cell with him [Plaintiff], I want to see the sergeant to be moved, or I will attack him [Plaintiff] if I am not moved from the cell". Defendant Lincoln responded "Do what you want to do" then walked away.

19. Inmates in the ~~cje~~ adjoining cell urged inmate J to attack plaintiff and stated "he [Plaintiff] is a snitch and a rapo (convicted of rape).

20. At about 6:30 P.M., inmate J stopped defendant Lincoln again on rounds and simply stated "If I am not moved or do not see a sergeant by your next round I am going to beat him [plaintiff] up". Defendant Lincoln responded "Do what you have to do" and continued to walk along.

21. At about 7 P.M., inmate J stopped Lincoln once again on rounds and stated "Where is the sergeant, you not moving me", then preceeded to attack plaintiff.

22. Defendant Lincoln knew their was a threat to plaintiff's safety and failed to protect plaintiff from being attacked by inmate J.

23. ~~Doe~~ Defendant sergeant Doe #1 and Locke knew that inmate J intended to attack anyone he was placed in the cell with and disregarded the substantial risk of harm to plaintiff.

24. Defendant sergeant, Doe #1 recommended, and defendant Woodruff approved, for inmate J, who they

3

knew was a gang member, to be placed in a double-bunk cell with plaintiff, who ~~they knew~~ was labeled a snitch by the Patrias gang, disregarded the substantial risk of harm to plaintiff.

*Patria* [inserted above "gang member"]

25. On October 1, 2021, plaintiff submitted grievance regarding this attack and stated that it was orchestrated by defendant Locke.

26. Because of the nature of the grievance, defendant Debyah was obligated to report this complaint directly to the superintendent by the next business day pursuant to DOCCS' ~~poly~~ policy and regulation.

27. Debyah's failure to report plaintiff's complaint, constituted deliberate indifference, especially because ~~she~~ disregarded ~~the~~ the fact that plaintiff was the subject of an orchestrated attack by officers including Locke.

*directly to Uhler* [inserted above "constituted"]
*she* [inserted above]

28. As a result of the foregoing, plaintiff suffered, inter alia, physical injuries, mental and emotional pain and anguish, together with embarrassment, humiliation and deprivation of his constitutional rights — all to his detriment.

Incident 2

29. On ~~October 2,~~ 2018, plaintiff was transferred at Upstate and upon arrival he informed the sergeant that he was attack while in transit from Attica by a blood gang member and because he is labeled a snitch by the blood gang (and other gangs).

*July 23,* [inserted above "October 2,"]

30. Plaintiff was re-located in a ~~cell~~ with a prisoner who arrived with plaintiff and who was not gang affiliated.

*double bunk cell* [inserted above "cell"]

31. After the prisoner in the double-bunk cell with plaintiff was transfered out the facility, on September 28, 2018 plaintiff was attacked by inmate J and said attack was orchestrated by Locke.

32. It is worth noting that at the Disciplinary Hearing related to the incident on September 28, 2018, an officer told hearing officer that inmate J was seeking to attack anyone he was placed in the cell with and the hearing officer dismissed the misbehavior report for that reason.

33. On October 1, 2021, plaintiff refused to allow another prisoner in the cell with him due to fear of being attack and the subject of an orchestrated attack. Plaintiff was issued

a misbehavior report for refusing a double-bunk cell.

34. This same day, plaintiff wrote a complaint/grievance asserting that he was the subjected to an orchestrated attack by defendant Locke and his fear of being attacked again in the double-bunk cell since his is vulnerable to attack.

35. On October 2, 2018, defendant Fletcher along with several officers brought inmate Burton into the recreation pen — which is never done — and hog tied him and opened the recreation door connected to plaintiff's cell.

36. While in the cell, inmate Burton told defendant Fletcher that he would beat plaintiff up when his arms get better. Defendant Fletcher laughed and stated " I know", as he walked away,

37. Inmates in the adjoining cell urged Inmate Burton to attack plaintiff and stated "Plaintiff is a "snitch" and a "capo". Burton responded " I already know, I know who he is."

38. On October 5, 2018, between the hours of 2AM - 8AM, inmate Burton repeatedly attacked plaintiff in the cell and, in particular, even when he knew that defendant Goilinger was making rounds.

39. Defendant Gellinger flashed his flash-light in the cell on each round between the hours of 2AM - 5:30A.M. and apparently observed plaintiff being attacked when he made rounds but failed to intervene.

40. At 6A.M., defendant Gallagher Walrath and Tenyeck stopped at plaintiff's cell to collect Burton's mails that was protruding from the side of the door, at the same time, plaintiff was being attacked by Burton, but they failed to intervene.

41. At about 7:30A.M., defendant Tenyeck and Gallagher brought the food at plaintiff's cell, at the same time, plaintiff was being attacked by inmate Burton, who stopped only when the cell hatch opened and to obtain the meals. Tenyeck and Gallagher then walked away,

42. Plaintiff also was being attacked by inmate Burton when Tenyeck and Gallagher came to collect the trays

43. At about 10:30A.M., plaintiff was taken out the cell for a legal call with his attorney who

5

culled the facility on plaintiff's behalf and notified a counsellor who relayed it to sergeant St. helaire that plaintiff had been attacked in the ~~bat~~ double bunk cell.

44. Plaintiff was subsequently seen by medical staff. Plaintiff suffered a 2 1/2 inch cut on his right eye-brow, a swollen and bruised right eye, blurry vision, a pounding headache, loss of consciousness, ~~pains~~ and general pains and bruises about his body and seemingly high blood pressure.

45. Defendant Fletcher knew that was vulnerable to being attacked in a double-bunk cell based on plaintiff's history and criminal case, in addition to the fact that inmate Burton ~~to~~ vowed to him that he would attack plaintiff.

46. Defendant Woodruff knew that plaintiff was vulnerable to an attack in a double-bunk cell based on plaintiff's history and criminal case.

47. Defendant Fletcher and Woodruff knew that inmate Burton was a member of the Blood gang, and that plaintiff was labeled a snitch by the Blood gang, but disregarded the substantial risk to plaintiff's safety by ~~plaint~~ placing him in the cell with a known ~~a~~ Blood member.

48. On October 12, 2018, plaintiff submitted grievance regarding the officers failure to intervene and Fletcher's harassment. The grievance was forwarded to defendant Uhler on October 17, 2018 for investigation and decision. Uhler took no disciplinary actions against the officers or sergeant for their reckless conduct and otherwise condoned their behavior.

49. Defendant Uhler failed to adequately supervise and train subordinates in how to intervene and by failing to discipline malfeasant employees.

50. As a result of the foregoing, plaintiff suffered, inter alia, physical injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights — all to his detriment.

Incident 3

51. On January 8, 2018, approximately 7:30 A.M., defendant Fletcher told plaintiff " I am giving you a new bunky, ... he will handle you".

6

52. At this time, plaintiff was in double-bunk cell with inmate Holbdy, who was non-gang affiliated, and a known snitch among inmates for reporting he had been gang assaulted and badly injuried as a result.

53. On January 9, 2019, at about 9AM, at the direction of defendant Fletcher and under the guise of a cell search (though the log book indicate that plaintiff was removed for a call-out), & defendant Trombley and ST. Mary took plaintiff out the cell.

54. When plaintiff was returned to the cell, inmate Holbdy was removed and inmate Wright was present in the cell.

55. Inmate Wright informed plaintiff that he work for Fletcher for extra food trays by beating up any bunky he want and do not get in trouble for it. Inmate Wright was given an extra lunch tray by Trombley.

56. It is worth noting that prior to lunch plaintiff told defendant Eddy that Fletcher, who was also present, placed inmate Wright who is a known Blood, in the cell and encouraged Wright to attack plaintiff. Eddy mockingly stated "Bradshaw you are not smart and continued to walk along with Fletcher who made mocking facial jestures at plaintiff.

57. On January 10, 2019, between 9AM – 11AM, inmate Wright repeatedly attacked plaintiff, and threatened to cut plaintiff with a scalpel and compel plaintiff to suck his penis several times during this two (2) hour period. Inmate Wright knew the officers would not intervene.

58. During the interim, defendant Healy, Jeffery, Walrath and Trombley, respectively, made rounds and ignored plaintiff's request for assistance, and knew that plaintiff was being attacked but failed to intervene.

59. At about 11A.M., when lunch was served, plaintiff prevented the cell hatch from closing because defendant Trombley and ST. Mary disregarded plaintiff's apparent facial injuries & sustained as a result of being attacked, and plaintiff's request for medical treatment and the sergeants presence.

60. Defendant ST. Mary radioed to the sergeant that plaintiff refused to close the slot, but did not report that plaintiff was attacked or injuried.

61. Plaintiff was taken to medical to be examined and was referred to an outside Hospital for further evaluation. Plaintiff suffered temporary hearing loss in his right ear, right bruised ribs, abrasion on lower lip, cut to left eye with bruises and abrasions, a bite on the face, pain to right jaw.

62. Plaintiff was told by officers that he would have to report being sexually assaulted to the ~~Cap~~ Chaplain, ~~and~~ who would be present on Monday, [January 14, 2019]. Plaintiff realized that he was being manipulated and so informed the doctor who initially examined him that he was ~~no~~ sexually assaulted.

63. Defendant Fletcher knew, and encouraged, inmate Wright would attack plaintiff and disregarded the substantial risk of harm to plaintiff.

64. Defendant Fletcher, who ~~appro~~ recommended, and defendant Woodruff, who approved for Wright, who they knew was a member of the Blood gang, to be placed in a double-bunk cell with plaintiff, who they knew was labeled a snitch by the Bloods, disregarded the substantial risk of harm to plaintiff.

65. On January 14, 2019, plaintiff submitted grievance regarding the assaults and the officers failure to intervene. This grievance was forwarded to defendant Uhler on January 18, 2019 for investigation and decision. Uhler ultimately took no disciplinary actions against the officers ~~for their re~~ and sergeant for their reckless conduct and ~~failed~~ otherwise condoned their behavior.

66. Defendant Uhler failed to adequately supervise and train subordinates in how to intervene to protect prisoners from assault by other prisoners, and by failing to discipline malfeasant employees.

67. Defendant Nichols also conducted an investigation of the incident and rendered a decision. Nichols purposefully excluded any findings regarding the video evidence which depict each defendant (Healy, Jeffrey, Walrath and Trombley) stop at plaintiff's cell during their rounds, ~~and~~ Trombley and ST. Mary efforts to disregard ~~plaintiff's~~ at lunch the fact ~~injuries~~ the fact that plaintiff was attacked, and several prisoners including plaintiff shouting 21 cell (plaintiff's cell) need emergency medical assistance.

68. Despite clear evidence to support plaintiff's claims, Nichols intended to discredit plaintiff's allegations by relying on unsubstantiated statements by inmate Wright ~~and~~

8

that nothing happened and plaintiff was injured before he came to the cell, and defendant Fletcher that there was a cell fight (though plaintiff alone sustained injuries).

69. Defendant Nichols took no disciplinary actions against the officers and sergeant for their reckless conduct and otherwise condoned their behavior.

70. As a result of the foregoing, Plaintiff suffered, inter alia, physical injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights — all to his detriment.

Incident 4

71. On March 5, 2019, plaintiff was taken out the cell for a legal call, but, when returned, Inmate P was removed and replaced with inmate E, who never unpacked his property while he remained in the cell for approximately six hours.

72. While in the cell, inmate E immediately asked plaintiff about the nature of his criminal case because inmates in the adjoining cells stated that plaintiff is a "rapo" and urge inmate E to attack plaintiff.

73. Plaintiff was subsequently attacked by inmate E and sustained bruise on his left chest, chest pains and general physical pain.

74. Defendant Sergeant Doe #2, who recommended, and defendant Woodruff, who approved, for inmate E, who they knew was a member of the Patrias gang, to be placed in a double bunk cell with plaintiff, who they knew was labeled a snitch by the Patrias, disregarded the substantial risk of harm to plaintiff.

75. On March 6, 2021, plaintiff submitted grievance dated March 5, 2019 regarding this incident. However, defendant Debyah never responded to plaintiff's grievance. Upon information and belief, grievances are submitted as regular mails into a lock box in prisoners' presence and officers can not access the lockbox which is sent to Administrative for processing. Thus, officers cannot interfere with the grievance, and said grievance was received by defendant Debyah. (Plaintiff had not retained a copy of the grievance dated 3/5/19 due to urgency of the situation, he was unwilling to send it to the law library and wait a week for copie

76. In his grievance, plaintiff also asserted that ~~the officers~~ at risk of attack and harm in the event ~~he~~ another prisoner is placed in the cell with him.

9

77. Defendant Debyah failed to report it directly to the Superintendent, defendant Uhler, per DOCCS' policy, that plaintiff had complained that he was attacked in a double-bunk cell by another prisoner because of the action of officers. Consequently, plaintiff was assault by inmate Cobbs who was next placed in the cell with plaintiff.

78. Defendant Debyah's failure to follow DOCCS' policy and regulation constituted deliberate indifference to plaintiff's safety, especially when plaintiff was attacked again after inmate E.

79. Additionally, Defendant Debyah's failed to accept and process plaintiff's grievances as required by 7 NYCRR § 701.5 which implies that Debyah has no discretion with respect to the requirements.

80. Plaintiff have a state-created liberty interest in the grievance procedure due to the fact that New York State has codified the nature and purpose of the inmate grievance process within the Correction Law, § 139 and 7 NYCRR § 701.1 et. seq.

81. By Debyah's failing to adhere to the same [exhaustion] requirements that is demanded of plaintiff to follow, they fail to allow plaintiff to properly exhaust these remedies, plaintiff is very much denied his right to procedural due process in developing his issues to ripen them for review before the court.

82. As a result of the foregoing, plaintiff suffered, inter alia, physical injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights — all to his detriment.

Incident 5

83. On March 11, 2019, at approximately 8:30 P.M., defendant Fletcher directed officers to bring inmate Cobb into the cell through the recreation pen (which is never done).

84. While in the cell, inmates in the adjoining cells urged Cobbs to attack plaintiff and stated plaintiff is a "rapo" and a "snitch". Cobb told plaintiff that he agreed to work for defendant Fletcher for extra food and when he get his sneakers the ball will start rolling.

85. On March 13, 2021, defendant Locke brought Cobbs to get his property. When Cobb returned

with his property, he displayed ~~a sharp weapon and threatened plaintiff if~~ and threatened plaintiff with a sharp weapon if plaintiff did not turn around and pull his pants down. Cobbs then raped plaintiff

86. Prior to the attack, defendant Locke gave Cobbs an extra dinner tray, and inmates in the adjoining cell told inmate Cobbs that no matter what is done to plaintiff the officers are not going to help him.

85. On March 14, 2019, between the hours of 9AM - 10AM, Inmate Cobbs again threatened to cut plaintiff with his weapon then raped plaintiff again in the cell.

86. On March 15, 2019, at approximately 9A.M., plaintiff was escort to a Disciplinary Hearing by defendant Welch and Gallagher.

87. At the hearing, plaintiff informed defendant Gallagher and Welch that he had been sexually assaulted in the cell and need emergency medical care. ~~the~~ with inmate Cobbs

88. Plaintiff was ignored and ~~get~~ dragged backed to the cell by Welch with Gallagher's assistance, but because plaintiff sustained a head injury while being dragged when his head was hit against the gate and immediately began to bleed, Welch and Gallagher were compelled to bring plaintiff directly to medical for the head injury.

89. When plaintiff was seen by the nurse, he informed the nurse also that he had been raped.

90. Plaintiff was sent to an Outside Hospital. Plaintiff suffered a 1.5 cm skin tear or abrasion on his anus as a result of being sexually assaulted.

91. Defendant Fletcher knew and encouraged inmate Cobbs to attack plaintiff and disregarded the substantial risk of harm to plaintiff.

92. Defendant Fletcher, who recommended, and defendant Woodruff, who approved, for inmate Cobbs, who they knew is a Blood gang member, to be plaintiff in a double bunk cell with plaintiff, who they knew was labeled a snitch by the Blood, disregarded the substantial risk of harm to plaintiff.

93. It is worth noting that on February 26, 2019, defendant Fletcher told plaintiff that his request for protective custody.

94. On March 22, 2019, plaintiff submitted grievance regarding this assault and the officers conduct.

95. ~~Because the nature of the grievance~~ The grievance was forwarded on April 26, 2019 to the Superintendent (Uhler for investigation and decision, per DOCCS' policy and regulation. Uhler took no disciplinary actions against the officers or sergeant for their reckless conduct and otherwise condone their behavior.

96. Defendant Uhler failed to adequately supervise and train subordinates in how to intervene and by failing to discipline malfeasant employees.

97. As a result of the foregoing, plaintiff suffered, inter alia, physical injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights — all to his detriment.

Incident 6

98. On March 15, 2019, at approximately 9A.M., plaintiff was brought out of the cell for a Disciplinary Hearing by defendant Welch and Gallagher.

99. At the hearing, plaintiff told the hearing officer that he need emergency medical treatment because he had been sexually assaulted, but the hearing officer told plaintiff he would see medical after the hearing.

100. After the hearing when plaintiff was being escorted out of the hearing room and asked defendant Welch about being brought to medical, defendant Welch yanked plaintiff to the floor and dragged plaintiff — along with defendant Gallagher — across the floor back to the cell.

101. Because plaintiff's head was hit against the gate and immediate began to bleed, Welch and Gallagher were compelled to bring plaintiff directly to medical for his head injury.

102. Plaintiff sustained an abrasion to the left side of his head, neck and upper back pains as a result.

103. On April 26, 2019, plaintiffs' grievance dated March 22, 2019 regarding the defendant unnecessary use of force. ~~However,~~ This was forwarded to defendant Uhler per DOCCS' policy and regulation for investigation and decision. However, defendant

Uhler took no disciplinary actions against the officers for their reckless conduct and otherwise condoned their behavior.

104. Defendant Uhler failed to adequately supervise and train subordinates in how to on the use of ~~intense~~ force and by failing to discipline malfeasant employees.

105. On June 26, 2019, plaintiff submitted, via facility mail, to defendant Debyah his appeal of ~~the~~ Uhler's decision. Upon information and belief, at Upstate, grievances are enveloped and inserted in the locked mailbox in the presence of the prisoners by the officers who cannot access the mailbox themselves but forward the mailbox to Administration (Civilian Staff) who distribute the mails.

106. Thus, after Administration forward plaintiff's appeal to the mailbox of Debyah, and the ~~grievance~~ appeal was received by Debyah, Debyah intentionally did not process plaintiff's appeal to prevent plaintiff from exhausting administrative ~~rememb~~ remedies with respect to these claims.

107. Defendant Debyah's interference with plaintiff's effort to submit his appeal prevented plaintiff from fully and fairly presenting his case.

108. Debyah failed to accept and process plaintiff's ~~grievance~~ appeal as required by 7 NYCRR § 701.5 which implies that Debyah had no discretion with respect to the requirement.

109. Plaintiff have a state-created liberty interest in the grievance procedure due to the fact that New York State has codified the nature and purpose of the inmate grievance process within the Correction Law § 139 and 7 NYCRR § 701.1 et seq.

110. By Debyah's failing to adhere to the same [exhaustion] requirements that is demanded of plaintiff to follow, they fail to allow plaintiff to properly exhaust these remedies, plaintiff is very much denied his right to procedual due process in developing his issues to ripen for Review before the Court.

111. As a result of the ~~forgot~~ foregoing, plaintiff suffered, inter alia, physical injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights — all to his detriment.

13

## STATEMENT OF CLAIMS

FIRST CLAIM: Plaintiff assert First Amendment retaliation claim against defendant
       Fletcher

SECOND CLAIM: Plaintiff assert Eighth Amendment excessive force and failure to
      intervene claims against defendants Welch and Gallagher, Uhler, Nichols and
      ~~Debyah.~~

THIRD CLAIM: Plaintiff assert Eighth Amendment failure-to-protect claims
      against defendant Locke, Lincoln, Fletcher, Gollinger, Gallagher,
      Walrath, Trombley, Eddy, Healy, Jeffery, St. Mary, Welch, Sergeant
      Doe 1-2, Uhler and Nichols and Debyah, Woodroff, Teneych

FOURTH CLAIM: Plaintiff assert Fourteenth Amendment procedural due process claims
      against defendant Debyah.

## Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

  1. The unnecessary force by defendant Welch and Gallagher violated plaintiff's
    rights under the Eight Amendment to the United States Constitution.

  2. Defendant Uhler and Nichols ^failed to take action to prevent excessive force of
    prisoners violated plaintiff's rights under the Eighth Amendment to the
    United States Constitution

  3. Defendants' Locke, Lincoln, Fletcher, Gollinger, Gallagher, Walrath, Teneych,
    Woodruff, Trombley, Eddy, Healy, Jeffery, St. Mary, Welch, Debyah, Nichols,
    Uhler and Sergeant Doe #1-2; ~~and~~

  4. Defendant Uhler and Nichols failed to take action to prevent excessive force
    of prisoners violated plaintiff's rights under the Eighth Amendment to the
    United States Constitution

B. Issue an injunction ordering defendant Uhler, or his agents to:

  1. Transfer plaintiff from Upstate to another facility within DOCCS

  2. Reform how prisoners grievances and appeals ~~are handle~~ ^processed at Upstate.

  3. Re-train staff on use of force, and how to protect prisoners from inmate assault.

  4. ^Designate ~~Permit~~ prisoners to be single cell upon request and concerns for the safety

## CLASS ACTION

C. An court order certifying this class as a class action pursuant to Fed. R.
  Civ. P. 23(a),23(b), naming ~~the above-mentioned plaintiff~~ ^plaintiff as the class representatives;

2. A judgment declaring defendants' policy, practice, procedure, and custom of unnecessary and excessive use of force, and failure to protect and/or intervene on inmate-on-inmate assaults is unconstitutional

3. An order enjoining defendants' policy, practice, procedure, and custom of unnecessary and excessive force, and failure to protect and/or intervene on inmate-on-inmate assaults to cease immediately cease.

D. Award of compensatory damages against all defendants, jointly and severally.

E. Award punitive damages against the individual defendant in an amount to be determined by a jury.

F. Award of reasonable attorney's fees and costs to class counsel

G. Such other and further relief as this court shall find just and proper.

Dated: October 25, 2021
    Malone, New York

I declare under penalty of perjury that the foregoing is true and correct.

Mr. Jay Bradshaw
Plaintiff-Pro Se
DIN: 08-A-3654
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

JAY BRADSHAW,

       Plaintiff,

    —against—

Uhler, et al

       Defendants

Affidavit of Service

19-CV-0428 (BKS)(TWD)

I, Jay Bradshaw, affirms under penalty of perjury that I have served, via First Class Mail, the attached Notice of Motion and Affidavit dated October 25, 2021, and Exhibits, upon the following parties:

Clerk, U.S. District Court
P.O. Box 7367
100 S. Clinton Street
Syracuse, New York 13261-7367
Attention:

Jonathan Reiner
Assistant Attorney
The Capitol
Albany, New York 12224

Dated: Malone, New York
    October 25, 2021

Mr. Jay Bradshaw
Plaintiff-Pro Se
DIN: 08-A-3654
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953