UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

                                     Plaintiff,                    9:19-cv-428 (BKS/TWD)

v.

FLETCHER, et al.,

                                     Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Jay Bradshaw
08-A-3654
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

*For Defendants:*
Letitia James
Attorney General of the State of New York
Matthew J. Gallagher
Assistant Attorney General, of counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff pro se Jay Bradshaw brought this action under 42 U.S.C. § 1983 asserting claims arising out of his incarceration at Upstate Correctional Facility ("Upstate"). (*See generally* Dkt. No. 126 (third amended complaint)). On June 21, 2022, Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56 seeking dismissal of the third amended complaint. (Dkt. No. 140). This matter was referred to United States Magistrate Judge Thérèse

Wiley Dancks who, on February 23, 2023, issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 171). Plaintiff filed a timely objection to the Report-Recommendation. (Dkt. No. 177). For the following reasons, the Report-Recommendation is adopted.

## II.     STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

### III.     DISCUSSION

#### A.     The Report-Recommendation[1]

Magistrate Judge Dancks recommended that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 171). Magistrate Judge Dancks first recommended that Defendants' motion for summary judgment be granted as to Plaintiff's Eighth Amendment failure-to-protect claim against Defendant Locke, which arose out of Incident 1 on September 28, 2018. (*Id.* at 17–20). Magistrate Judge Dancks reasoned that (1) there is no evidence that Locked played any role in the decision to house Inmate Jordan and Plaintiff together and (2) there is no admissible evidence indicating that Locke "knew that Inmate Jordan intended to cause Plaintiff harm" and therefore insufficient evidence from which a reasonable factfinder could conclude that Locke "acted with deliberate indifference to Plaintiff's well-being." (*Id.*).

The Report-Recommendation next addressed Incident 2, which occurred on October 5, 2018. (*Id.* at 20–28). Magistrate Judge Dancks first rejected Defendants' argument that Plaintiff cannot satisfy the objective element of his Eighth Amendment claims arising out of Incident 2, before proceeding to consider the subjective element with respect to the five involved Defendants. (*Id.* at 21–22). With regard to Defendant Fletcher, a Correctional Sergeant at Upstate, Magistrate Judge Dancks concluded that there was evidence from which a reasonable factfinder could conclude that Fletcher was aware that Plaintiff faced a risk of harm when Inmate Burton was placed in a cell with him and that factual questions remain as to whether Fletcher acted with deliberate indifference. (*Id.* at 22–25). Magistrate Judge Dancks therefore

---

[1] The Court assumes familiarity with the procedural and factual background of this case, as set forth in the Report-Recommendation. (Dkt. No. 171, at 2–14). The Court has adopted the incident numbers as described in the Report-Recommendation.

3

recommended that summary judgment on Plaintiff's failure-to-protect claim against Fletcher arising out of Incident 2 be denied. (*Id.*). With respect to Defendants Gollinger, Gallagher, Walrath, and Thomas, however, the Report-Recommendation concluded that there was no evidence from which a reasonable jury could find that (1) Gallagher and Thomas had a reasonable opportunity to prevent an attack when delivering food at approximately 7:30 a.m., or (2) Gollinger, Gallagher, and Walrath were aware that Plaintiff faced a substantial risk of serious harm and acted with deliberate indifference. (*Id.* at 25–28). Magistrate Judge Dancks therefore recommending that summary judgment be granted with respect to Plaintiff's Eighth Amendment claims against Gollinger, Gallagher, Walrath, and Thomas arising out of Incident 2. (*Id.* at 28).

With respect to Incident Four, which occurred in January 2019, Magistrate Judge Dancks recommended that summary judgment be (1) denied with respect to Plaintiff's failure-to-protect claims against Defendants Woodruff and Fletcher; (2) granted to the extent it seeks dismissal of Plaintiff's Eighth Amendment claims against Defendants St. Mary and Trombley based on events occurring on January 9, 2019, or on events occurring on January 10, 2019 before 9:00 a.m. or after the alleged inmate-on-inmate assault concluded; (3) otherwise denied with respect to Plaintiff's claim against Trombley; and (4) denied with respect to Plaintiff's Eighth Amendment claims against Defendants Healy, Jeffries, and Walrath. (*Id.* at 28–38, 40).

Finally, with respect to Incident 7, which occurred on March 11, 2019, Magistrate Judge Dancks recommending denying summary judgment as to Plaintiff's failure-to-protect claims against Defendants Fletcher and Woodruff, finding that "questions of fact remain regarding both the objective and subject elements" of Plaintiff's claims. (*Id.* at 38–39).

### B.   Plaintiff's Objection

Plaintiff objects to the Report-Recommendation's recommendation that Defendants' motion for summary judgment be granted with respect to his Eighth Amendment failure-to-

protect claim against Defendant Locke arising out of Incident 1. (*See generally* Dkt. No. 177). Plaintiff contends that Magistrate Judge Dancks "improperly analyzed [the] Incident 1 claim under the legal standard governing motion[s] for summary judgment . . . rather than the legal standard governing motions to [d]ismiss." (*Id.* at 1–2). Plaintiff notes that "[n]o deposition was taken of Plaintiff regarding his claim relating to Incident 1 since the claim had been dismissed" at the time he was deposed, and that Defendants moved to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 2). Plaintiff further argues that the Report-Recommendation "may have overlooked" that he did not argue that Locke played any role in the decision to house Inmate Jordan and Plaintiff together, and states that Locke "intentionally misled" him and "was aware" that Inmate Jordan "intended to attack anyone he was put in the cell with." (*Id.*). Plaintiff contends that these facts should have been sufficient to withstand a Rule 12(b)(6) motion to dismiss. (*Id.*).

     Reviewing this portion of the Report-Recommendation de novo, the Court concludes that Magistrate Judge Dancks did not improperly analyze Plaintiff's Eighth Amendment failure-to-protect claim against Locke under Rule 56, rather than Rule 12(b)(6). Defendants advanced three independent arguments for why this claim failed: (1) the third amended complaint fails, as a matter of law, to state a failure-to-protect claim against Locke under Rule 12(b)(6); (2) Locke is entitled to summary judgment under Rule 56 because there is no record evidence demonstrating either the subjective or objective component of a failure-to-protect claim; and (3) Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 140-1, at 10–16). Thus, while Plaintiff is correct that Defendants moved to dismiss this claim under Rule 12(b)(6), they also moved for summary judgment on the claim on two independent grounds. (*See also* Dkt. No. 171, at 18 (Report-Recommendation recounting the three grounds); Dkt. No. 151 (Defendants' reply in

support of summary judgment motion arguing that "Defendant Locke is entitled to summary judgment . . . because there is no genuine dispute of material fact")). It was proper for Magistrate Judge Dancks to consider Defendants' argument for summary judgment based on a lack of record evidence and, having found the argument meritorious, to decline to address Defendants' other two arguments. (*See* Dkt. No. 171, at 18–20).

Moreover, although Plaintiff notes that he was not deposed regarding his claim against Locke, he did not raise this issue in his opposition to Defendants' motion for summary judgment. (*See generally* Dkt. No. 148). The Court therefore need not consider this argument. *Fox v. Lee*, No. 15-cv-390, 2019 WL 1323845, at *1, 2019 U.S. Dist. LEXIS 48967, at *4–6 (N.D.N.Y. Mar. 25, 2019) (noting that a district court "will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance" and collecting cases). In any event, the Court notes that Plaintiff's claim against Locke was reinstated on February 7, 2022. (Dkt. No. 124). By Text Order dated March 17, 2022, the Court set a deadline of May 16, 2022 for "limited discovery solely related to Plaintiff's claim against Defendant Locke." (Dkt. No. 130). No party requested an extension of time to complete this discovery, and Defendants filed the motion for summary judgment on June 21, 2022. (Dkt. No. 140). Plaintiff not only failed to raise the issue of discovery in opposition to the motion entirely, but also failed to submit an affidavit or declaration under Federal Rule of Procedure 56(d) explaining "why evidence necessary to justify [his] opposition was not available to [him]." *Benson v. Otis Elevator Co.*, 557 F. App'x 74, 77 (2d Cir. 2014) (summary order) (finding no abuse of discretion in the district court's denial of request to extend discovery deadline and noting that the failure to file an affidavit under Rule 56(d) "is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate" (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d

Cir. 1994))); *see also* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). Plaintiff's objection does not identify any material information he was unable to obtain during discovery, and the fact that his February 2021 deposition did not cover his claim against Locke did not prevent Plaintiff from putting forth evidence, including a declaration, in support of his claim.

Finally, Plaintiff argues that Magistrate Judge Dancks "may have overlooked that [he] did *not* argue that defendant Locke played any role in the decision to house Inmate Jordan and Plaintiff together." (Dkt. No. 177, at 2). Magistrate Judge Dancks did find that there was "no evidence in the record that Defendant Locke played any role in the decision to house Inmate Jordan and Plaintiff together." (Dkt. No. 171, at 18). However, this finding is not determinative of the ultimate recommendation to grant summary judgment to Locke. Whether or not Locke played any role in the decision to house Inmate Jordan and Plaintiff together, the Court agrees with the Report-Recommendation that there is no admissible evidence to support the contention that Locke "knew that Inmate Jordan intended to cause Plaintiff harm" and therefore insufficient evidence from which a reasonable factfinder could conclude that Locke "acted with deliberate indifference to Plaintiff's well-being in allowing him to share a cell with Inmate Jordan." (*Id.* at 18–19). Thus, for the reasons stated in the Report-Recommendation, summary judgment on Plaintiff's failure-to-protect claim against Locke arising out of Incident 1 is warranted.

## IV. CONCLUSION

Having reviewed the remainder of the Report-Recommendation for clear error and found none, the Court adopts it for the reasons stated therein.

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 171) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 140) is **GRANTED in part**; and it is further

**ORDERED** Plaintiff's Eighth Amendment failure-to-protect claim against Defendant Locke arising out of Incident 1 is **DISMISSED with prejudice**; and it is further

**ORDERED** Plaintiff's Eighth Amendment failure-to-intervene claims against Defendants Gollinger, Gallagher, Walrath, and Thomas arising out of Incident 2 are **DISMISSED with prejudice**; and it is further

**ORDERED** any Eighth Amendment failure-to-intervene claim against Defendants St. Mary and Trombley based on alleged events that occurred before 9:00 a.m., or after the alleged inmate-on-inmate assault concluded, on January 10, 2019 are **DISMISSED with prejudice**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 140) is otherwise **DENIED**; and it is further

**ORDERED** that the Court Clerk is respectfully directed to terminate Defendants Locke, Gollinger, Gallagher, Thomas, and St. Mary as parties to this action; and it is further

**ORDERED** that in light of the Plaintiff's previous requests for appointment of counsel (Dkt. Nos. 9, 94, 97), pro bono counsel will be appointed to represent Plaintiff at trial; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 17, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge