UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

                                Plaintiff,                      9:19-cv-428 (BKS/TWD)

v.

PAUL FLETCHER, PAUL WOODRUFF, MICHAEL
TROMBLY, JAMES HEALY, DARRIN JEFFERY, and
JOSHUA WALRATH,

                                Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Jay Bradshaw
08-A-3654
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

*For Defendants:*
Letitia A. James
Attorney General of the State of New York
Matthew J. Gallagher
Thomas Cullen
Assistant Attorney Generals, of Counsel
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

       Plaintiff Jay Bradshaw, proceeding *pro se*, commenced this action under 42 U.S.C. §

1983, alleging various constitutional violations arising out of his incarceration at Upstate

Correctional Facility. (Dkt. No. 1). On January 22, 2024, Plaintiff proceeded to a jury trial on his

Eighth Amendment claims against Defendants Sergeant Paul Fletcher and Deputy Superintendent Paul Woodruff on grounds of failure to protect and against Defendants Corrections Officers Michael Trombly, James Healey, Darrin Jeffrey, and Joshua Walrath on grounds of failure to intervene. (*See* Dkt. No. 182, 198). The jury returned a verdict finding that Plaintiff failed to prove his Eighth Amendment claims by a preponderance of the evidence. (Dkt. No. 232). Presently before the Court is Plaintiff's motion "for a new trial and or to alter or amend the judgment" pursuant to Rule 59 of the Federal Rules of Civil Procedure.[1] (Dkt. No. 236). The motion is fully briefed. (Dkt. Nos. 236, 240, 241). For the following reasons, Plaintiff's motion for a new trial or to alter or amend the judgment is denied.

## II.    STANDARD OF REVIEW

Under Rule 59(a), a court may, after a jury trial, "grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 59(a)(1)(A), "including if the verdict is against the weight of the evidence." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012). The Second Circuit has explained that "a decision is against the weight of the evidence . . . if and only if the verdict is [1] seriously erroneous or [2] a miscarriage of justice." *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 635 (2d Cir. 2002). On a Rule 59 motion for a new trial, the court "is free to weigh the evidence . . . and need not view it in the light most favorable to the verdict winner." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (citation omitted). "A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is 'egregious.'" *Id*. (quoting *Dunlap-McCuller v. Riese Org.*,

---

[1] Plaintiff states that his motion is "pursuant to Rule 59(b)(e) of the Federal Rules of Civil Procedure." (Dkt. No. 236). The Court assumes based on the substance of his request that he intends to move for a new trial under Rule 59(a) or to alter or amend the judgment under Rule 59(e).

2

980 F.2d 153, 158 (2d Cir. 1992)). Although a court "may weigh the evidence and the credibility of witnesses" when considering a Rule 59 motion, "a judge should rarely disturb a jury's evaluation of a witness's credibility and may not freely substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury." *Raedle*, 670 F.3d at 418 (internal quotation marks and citations omitted). Rather, "the granting of a new trial is an extraordinary relief . . . [and] 'is properly granted only upon a showing of exceptional circumstances.'" *Rosello v. Long Island R.R. Co.*, 50 F. Supp. 3d 242, 249 (E.D.N.Y. 2014) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).

"A motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, 524 Fed. App'x. 727, 729 (2d Cir. 2013)). "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *4 Pillar Dynasty LLC v. N.Y. & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

### III.    DISCUSSION

#### A.    Jury Charge

Plaintiff first argues that "the Court's jury instructions on Plaintiff's Eighth Amendment failure-to-protect claim and failure-to-intervene claim were erroneous and improper" which "was harmful to the case." (Dkt. No. 236-2, at 2). Defendants respond that the jury instructions were proper statements of law. (Dkt. No. 240, at 4–5).

"[A] jury instruction will be deemed adequate, so long as the charge, taken as a whole, 'is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it.'" *Care Travel Co., v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 998 (2d Cir. 1991) (quoting *Fernandez v. Fitzgerald*, 711 F.2d 485, 487 (2d Cir. 1983)). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Velez v. City of N.Y.*, 730 F.3d 128, 134 (2d Cir. 2013) (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000)). "An erroneous jury instruction requires a new trial unless the error is harmless." *Id.* (citing *Rasanen v. Doe*, 723 F.3d 325, 331–32 (2d Cir. 2013)).

        1.    **Failure-to-Protect**

In relevant part, the Court's instruction regarding Plaintiff's failure-to-protect claim read as follows:

> In order to prevail in a failure to protect claim, Plaintiff must establish that (1) he was incarcerated under conditions posing a substantial risk of serious harm; and that (2) a Defendant acted with deliberate indifference to his health or safety. The first prong of this test, also known as the objective prong, requires Plaintiff to show that he is incarcerated under conditions posing a substantial risk of serious harm. The harm must be sufficiently serious, a standard that contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. Under this standard, the Plaintiff must demonstrate that this grave harm was actual or imminent.

(Dkt. No. 231, at 17–18). Plaintiff asserts that the instruction was erroneous, arguing that "on a failure-to-protect claim, the existence, or potential existence, of substantial risk of serious harm is the key element, not the actual harm which may or may not transpire," (Dkt No. 236-2, 2 (citations omitted));  that "the Court's instruction could have been misleading to the jury" with respect to the statements that a plaintiff was required to prove regarding the contemplated harm, "a 'condition of urgency, one that may produce death, degeneration, or extreme pain'" and that

4

"the 'grave harm' was 'actual or imminent,'" (*id.* at 2); and that this failure to properly charge the jury was harmful to him, (*see id.* at 3).

The Court properly stated what a plaintiff must prove for a failure-to-protect claim. *See Dublin v. N.Y.C. Law Dep't*, No. 10-cv-2971, 2012 WL 4471306, at *5, 2012 U.S. Dist. LEXIS 141823, at *13 (S.D.N.Y. Sept. 26, 2012) ("The Court of Appeals has defined sufficiently serious as 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" (citation omitted)); *see id.* ("Under the Eighth Amendment standard, a plaintiff must demonstrate that this grave harm was 'actual or imminent.'" (citation omitted)); *see also Sutton v. Rodriguez*, No. 18-cv-1042, 2020 WL 5504312, at *8, 2020 U.S. Dist. LEXIS 163522, at *19 (S.D.N.Y. Sept. 8, 2020). As Plaintiff has not shown that this jury instruction is erroneous, the Court will not grant the Rule 59 motion for either a new trial or to alter or amend the judgment on this basis.

### 2. Failure-to-Intervene

In relevant part, the Court's instruction regarding Plaintiff's failure-to-intervene claim read as follows:

> In order to establish that an officer failed to intervene, the Plaintiff must prove: (1) that the officer observed or had reason to know that the Plaintiff was involved in a physical altercation with another inmate; (2) that the officer had a reasonable opportunity to intervene to prevent the attack from continuing; (3) that in failing to intervene the officer was deliberately indifferent to a substantial risk of harm to the Plaintiff; and (4) that the officer's deliberate indifference to a substantial risk of harm was a risk that caused the Plaintiff some harm.

(Dkt. No. 231, at 18–19). Plaintiff asserts the instruction's language was erroneous, arguing that "on a failure-to-intervene claim, a plaintiff must show that '(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position

would know the victim's constitutional rights were being violated; and (3) the officer did not take reasonable steps to intervene,'" (Dkt. No. 236-2, at 4 (citing *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 342 (N.D.N.Y. 2010))); that "the Court's instructions could have been misleading to the jury" with respect to the statements that a plaintiff was required to prove that "any of the officers observed a physical altercation or had reason to know of the physical altercation with inmate Wright," (*id.* at 4); and that this failure to properly charge the jury was harmful to him, (*see id.*).

Here too, the Court correctly stated the elements that a plaintiff is required to prove to establish a failure-to-intervene claim where the corrections officer is alleged to have failed to intervene in an attack on one inmate upon another. *See Williams v. Russo*, No. 1-cv-6401, 2009 WL 185758, at *4, 2009 U.S. Dist. LEXIS 5086, at *11 (W.D.N.Y. Jan. 26, 2009) (explaining that "to prevail" the "[p]laintiff would have to establish by a preponderance of evidence" that the officers "observed or had reason to know that [the] [p]laintiff was [i]nvolved in a physical altercation with another inmate."); *Rosen v. City of N.Y.*, 667 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) (citation omitted)). As Plaintiff has not shown that this jury instruction is erroneous, the Court will also not grant the Rule 59 for either a new trial or to alter or amend the judgment on this basis.

      **B.**     **Adverse Inference Instruction**

Plaintiff argues that the Rule 59 motion should be granted because the Court should have granted his request for an adverse inference to be drawn against Plaintiff, on the basis that Defendants failed to preserve video evidence. (Dkt. No. 236-2, at 4–5). Defendants respond, arguing that Plaintiff has articulated "mere disagreement with the Court's ruling, not a legitimate basis that warrants amendment or alteration," and that Plaintiff is "attempt[ing] to relitigate old issues." (Dkt. No. 240, at 6–7 9 (citation omitted)).

6

On October 5, 2023, Plaintiff filed a "motion for spoliation" with the Court, alleging that a video relevant to his claims had "intentionally been destroyed" by Defendants and asked the Court to impose a sanction on Defendants. (Dkt. No. 190, at 3–4). The Court denied the motion on the basis that Plaintiff, who was then represented by pro bono counsel, filed the submission on his own and that the issue was untimely raised. (Dkt. No. 192).[2]

At Plaintiff's request, the Court subsequently terminated pro bono counsel and Plaintiff proceeded to trial pro se. (*See* Dkt. No. 217; Text Minute Entry dated 1/8/2024). On January 4, 2024, Plaintiff filed a "supplemental response" to Defendants' motions in limine, in which he stated that his "prior attorney, in the course of discovery, provided plaintiff a copy of the video" but that "[D]efendants now attempt to allege that the video do [sic] not exist," and again requested that the Court sanction Defendants for the alleged spoliation. (Dkt. No. 222 at 1–2).

On the morning of trial, on January 22, 2024, the Court denied Plaintiff's request. The Court first noted that the motion was untimely. The Court then denied the motion on the merits, finding that the plaintiff had failed to establish that any spoliation occurred or that the Defendants had failed to take reasonable steps to preserve the videotape. The Court noted that Plaintiff himself had repeatedly said that the videotape had been preserved. (*See* Dkt. Nos. 190, 222).

Plaintiff states that "[t]he Court said it does not believe the [D]efendants were responsible for the absence of the audio despite the fact that the [D]efendants gave no reasons for the absence of audio." (Dkt. No. 236-2, at 5). Plaintiff here is attempting to relitigate this issue for a third time, which is not a permissible basis for a Rule 59 motion. *See Sequa Corp. v. GBJ Corp.*,

---

[2] All discovery, except with respect to Plaintiff's claim against Defendant Locke, was closed as of January 31, 2022. (*See* Dkt. Nos. 112, 124). With respect to Plaintiff's claim against Defendant Locke, discovery was closed as of May 16, 2022. (*See* Dkt. No. 130).

156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" (citation omitted)).

Moreover, the Court's decision to deny Plaintiff's request was entirely appropriate. Rule 37(e) allows the Court to impose an adverse inference instruction "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it." Fed. R. Civ. Pro. 37(e). Here, the Court specifically found that Plaintiff had failed to establish that the video had been altered, or that Defendants failed to take reasonable steps to preserve the video. As Plaintiff's has not shown that the Court's decision on spoliation justifies either a new trial or an alteration or amendment of the judgment, the Court will not grant Plaintiff's motion on this basis.

### C. Newly Discovered Evidence

Plaintiff argues that he should be granted relief under Rule 59 because Defendants Woodruff and Fletcher "withheld" "the 'Disciplinary History' record[s]" of Inmates Cobb and Wright and that "Defendant Fletcher withheld the 'Disciplinary History' record of Inmate Burton." (Dkt. No. 236-2, at 5–6). Defendants respond that "Plaintiff fails to establish that he was entitled to any such documents in the first instance, or that a failure to produce warrants a new trial and/or alteration or amendment of the judgement." (Dkt. No. 240, at 7). Defendants also state that "any argument that any Defendant was withholding evidence should have been raised well in advance of trial." (*Id.* at 8).

"Motions for a new trial based upon the post-trial discovery of new evidence are generally disfavored." *Chang v. City of Albany*, 150 F.R.D. 456, 460 (N.D.N.Y. 1993) (citation omitted). "A party must show that (1) the evidence was discovered since the trial; (2) the movant used due diligence in attempting to find the evidence; (3) the evidence is material; (4) the

8

evidence is not merely cumulative or impeaching; and (5) the evidence is such that it will probably produce a different result upon a new trial." *Id.* (citations omitted); *see also Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020) (articulating substantively similar test for when a litigant may "prevail on a motion for relief from a judgment on the grounds of newly discovered evidence" under Rule 59(e)).

      Along with his motion, Plaintiff submits a declaration, (Dkt. No. 236-1, at 1–3), to which he attaches three documents relevant here, Exhibits A, C, and D. (*id.* at 4, 8–12).[3] Exhibit A is a form labeled "Sexual Abuse Response and Containment Checklist," dated January 14, 2019, indicating Fletcher and Woodruff were notified of an incident on January 10, 2019, where the "reported victim" is listed as "Bradshaw" and the "reported perpetrator" is listed as "Wright." (*Id.* at 4). Plaintiff in his declaration states that he was provided with this document after trial and that "[a]s a prisoner, and for security reasons, I was not allowed to view or possess this document, and I had no knowledge of its existence. I was not permitted to view this document pursuant to a FOIL request, nor was it disclosed in the course of discovery, in connection with this case." (*Id.* ¶¶ 5–6). Plaintiff identifies Exhibits C and D as "Inmate Cobb's[4] 'Disciplinary History' record and Unusual Incident reports," respectively. (*Id.* ¶ 8). Regarding these documents, Plaintiff asserts that "on March 11, 2019 defendant Woodruff and Fletcher received a copy" of Exhibits C and D. (*Id.*). Plaintiff does not provide any basis for this assertion and fails to indicate when he or how received this information. Plaintiff states that "[a]s a prisoner, and for security reasons, I was not allowed to view or possess [Exhibits C or D]." (*Id.* ¶¶ 6, 10). Plaintiff claims that Exhibits C and D were not shown to him when he "reviewed the Office of Special

---

[3] Plaintiff also attaches Exhibit B, Defendant Woodruff's March 26, 2020 affidavit. (*See* Dkt. No. 236-1, at 5– 7).

[4] Both documents contain redacted inmate identification numbers. (*See* Dkt. No. 236-1, at 8–12). There is no indication on the face of either document that they are records relating to Inmate Cobb. (*See id.*).

9

Investigation ("OSI") relating to the incident with Cobb pursuant to a FOIL request, nor was it disclosed in the course of discovery in this matter." (*Id.*).

First, it is unclear whether Plaintiff was ever entitled to receive the documents he claims were withheld and whether he exercised due diligence in pursuing them. Plaintiff states that Inmate Cobb's disciplinary history "should have been included with the fight investigation file and the Office of Special Investigation ("OSI") file," that Inmate Wright's disciplinary history "should have been included in the fight investigation file and the OSI file," and that Inmate Burton's disciplinary history[5] "should have been included in the fight investigation file," without further explanation. (Dkt. No. 236-2, at 5–6). Plaintiff does not identify any specific discovery requests to which the documents would have been responsive. Defendant is also correct that to the extent Plaintiff was aware of any these documents were not turned over in discovery and should have been,[6] the issue should have been raised prior to the close of discovery.[7] *See Waul v. Coughlin*, 177 F.R.D. 173, 178 (S.D.N.Y. 1997) ("The discovery of new evidence does not warrant a new trial when that evidence could have been discovered through the exercise of diligence prior to trial. While in certain circumstances a *pro se* litigant may be relieved of the obligations that ordinarily apply to litigants prior to trial, the circumstances here do not indicate that [the plaintiff] should be relieved of the obligation to seek the Court's assistance, if such assistance is necessary, to obtain the information which he considers of importance to his

---

[5] Plaintiff has not attached any records relating to Inmate Burton's disciplinary history, nor does he state in his declaration that he received such a document after the trial. (*See generally* Dkt. No. 236-1).

[6] Plaintiff has specified that he did not know about the existence of the record related to Inmate Wright, (*see* Dkt. No. 236-1, ¶ 6), but has not made the same assertion with respect to the other documents at issue. Plaintiff has also not explained why he now has access to these documents that he states he was previously not permitted to view. (See Dkt. No. 236-1, ¶¶ 6–10).

[7] Plaintiff had ample time to conduct discovery. Discovery in this case began September 18, 2020, (Dkt. No. 48) and ran for all issues relevant here until January 31, 2022, (*see* Dkt. Nos. 112, 124).

lawsuit." (internal citations omitted)). And even assuming that the disciplinary history in Exhibits C and D is that of Cobbs, Plaintiff has failed to establish that Exhibits C and D were discovered since the trial and that he used due diligence in attempting to find any of the Exhibits.

Most importantly, Plaintiff has not shown that the evidence is material or that "the evidence is such that it will probably produce a different result upon a new trial." See *Chang*, 150 F.R.D. 456 at 460. Plaintiff's failure-to-protect claims against Defendants Woodruff and Fletcher required Plaintiffs to prove that Defendants disregarded the risks to Plaintiff's safety from other inmates. *See Dublin*, 2012 WL 4471306, at *4, 2012 U.S. Dist. LEXIS 141823, at *12 ("A prison official acts with deliberate indifference when he or she 'knows of and disregards an excessive risk to inmate health or safety.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994))). While Plaintiff argues that "[t]he jury could have found that this evidence show [sic] that Woodruff and Fletcher had knowledge of inmate Cobb's gang membership and propensity toward violence," (*see* Dkt. No. 236-2, at 5),[8] even assuming that the redacted disciplinary records are those of Cobbs, they do not indicate any notice occurred, (*see* Dkt. No. 236-1, at 8–12). With respect to the record relating to Inmate Wright, Plaintiff argues that the "disciplinary record would have revealed Wright [sic] history of violence against prisoners in double-cells at Upstate, which defendant Woodruff and Fletcher was aware [sic]." (Dkt. No. 236-2, at 5). But Plaintiff's document only indicates that Defendants Fletcher and Woodruff were notified *after* Plaintiff was allegedly assaulted on January 10, 2019. (Dkt. No. 236-1, at 4). This is entirely irrelevant to whether these Defendants were aware of any danger Wright posed *prior* to the alleged attack on January 10, 2019, which is the conduct forming the basis of Plaintiff's claim

---

[8] In this paragraph, Plaintiff cites to Exhibit A, (Dkt. No. 236-2, at 5), but Exhibit A is a form relating to Inmate Wright, not Inmate Cobb, (*see* Dkt. No. 236-1, at 4). The Court assumes Plaintiff meant to cite the disciplinary records that he identifies as relating to Inmate Cobb. (*See* Dkt. No. 236-1, ¶ 8; *id.* at 8–12).

11

against Fletcher and Woodruff. (*See* Dkt. No. 126, ¶¶ 28–39, 51). Plaintiff has therefore failed to meet its burden to show the allegedly new evidence is material or that it would have likely led to a different result.

Accordingly, the Court finds that Plaintiff is not entitled to a new trial or an altered or amended verdict.

## IV.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for a new trial or to alter or amend the judgment, (Dkt. No. 236), is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 25, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge